# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Cacapon East Property Owners Association, Inc.,**
**Defendant Below, Petitioner**

**FILED**

June 28, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 12-0922** (Morgan County 12-C-19)

**Terri Freiheit and Laurence Freiheit,**
**Plaintiffs Below, Respondents**

## MEMORANDUM DECISION

Petitioner Cacapon East Property Owners Association, Inc. ("CEPOA"), by counsel Dawn White, appeals the Circuit Court of Morgan County's "Order Granting Plaintiffs' Motion to Strike Counterclaims and Denying Defendant's Motion for Leave to Amend Pleadings," which was entered on July 5, 2012. Respondents Terri and Laurence Freiheit ("Freiheit"), by counsel Richard Gay, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

This case arises from a verified complaint filed by respondents seeking declaratory judgment on the following six issues: (1) whether property owned by respondents is land contained within the Cacapon East Subdivision and subject to association dues; (2) whether any of the CEPOA covenants and restrictions apply to the property; (3) whether the parcels of property have an unconditional deeded right-of-way to Parkside Drive; (4) whether respondents have a vested unconditional right-of-way pursuant to West Virginia Code § 8A-5-12; (5) whether CEPOA has placed a cloud of title on the property by installing barriers on the road to prevent ingress and egress; and (6) whether respondents may use the right-of-way over Parkside Drive to access the parcels and their residence. In March of 2012, petitioner filed its answer. Subsequently, on May 7, 2012, petitioner filed counterclaims seeking declaratory judgment on the following four issues: (1) whether respondents are lot owners within Cacapon East Subdivision, subject to its covenants, and owe association dues; (2) whether respondents' subdivision of the property required the consent of the CEPOA; (3) whether respondents have an independent entitlement to use the private roads of the subdivision; and (4) whether respondents may connect the private roads of the subdivision with Rock Gap Springs Subdivision in violation of the respective subdivisions' covenants and restrictions. On May 31, 2012, respondents filed a motion to strike or dismiss petitioner's counterclaims. Petitioner then filed a motion for leave to amend pleadings on June 19, 2012. The circuit court granted respondents' motion to strike or dismiss petitioner's counterclaims and denied petitioner's motion to leave to amend pleadings.

1

The circuit court held that petitioner's counterclaims were compulsory and counsel's lack of diligence prevented petitioner from amending its pleadings.

On appeal, petitioner argues that the failure to file compulsory counterclaims operates as a waiver of said claims, thus the granting of respondents' motion to strike or dismiss the counterclaims operates as a final order in its nature and effect on their counterclaims. Petitioner also argues that the circuit court erred in denying its motion to amend because respondents did not claim they were prejudiced by the amendments. Petitioner alleges that the counterclaims were not newly discovered, but an elaboration upon its answer and they specifically mirror a request for declaratory judgment contained in the complaint. Finally, petitioner argues that the circuit court's ruling is inconsistent with the Uniform Declaratory Judgments Act and the West Virginia Rules of Civil Procedure.

This Court has held:

> Under W.Va.Code, 58–5–1 (1925), appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

Syl. Pt. 3, *James M. B. v. Carolyn M*., 193 W.Va. 289, 456 S.E.2d 16 (1995). s*ee McDaniel v. Kleiss,* 198 W.Va. 282, 284, 480 S.E.2d 170, 172 (1996) ("Since the circuit court's order . . . is interlocutory and not subject to appeal, we find the petition for appeal was improvidently granted and accordingly dismiss the same for lack of appellate jurisdiction."); *Sipp v. Yeager,* 194 W.Va. 66, 67, 459 S.E.2d 343, 344 (1995) ("[W]e find that the circuit court's decision is an interlocutory rather than a final order and therefore, we dismiss this appeal as improper before this Court."). "The required finality is a statutory mandate, not a rule of discretion." *Province v. Province,* 196 W.Va. 473, 478, 473 S.E.2d 894, 899 (1996). "To be appealable, therefore, an order either must be a final order or an interlocutory order approximating a final order in its nature and effect." *Guido v. Guido,* 202 W.Va. 198, 202, 503 S.E.2d 511, 515 (1998). With no finality of the judgment, this Court has no authority to review the merits of this case. Therefore, the Court declines to address petitioner's arguments because the Court lacks jurisdiction over this matter. The order denying petitioner's motion for leave to amend to add counterclaims did not terminate the litigation between the parties on the merits of the case as the case remains pending in circuit court. Thus, the circuit court order is an unappealable interlocutory order.

For the foregoing reasons, this case is dismissed without prejudice.

Affirmed.

**ISSUED:** June 28, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II