# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**J.L.,**
**Respondent Below, Petitioner**

**vs) No. 12-0401 (Berkeley County 11-D-475)**

**R.L.,**
**Petitioner Below, Respondent**

**FILED**

**October 24, 2013**

released at 3:00 p.m.
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

The petitioner herein and respondent below, J.L.[1] ("the mother"), *pro se*, appeals the Circuit Court of Berkeley County's order entered March 9, 2012. In that order, the circuit court found that there was no final order from the family court and, therefore, denied the mother's purported petition for appeal. On appeal to this Court, the mother argues the merits of the case: the family court did not have jurisdiction over her youngest daughter because, as alleged by the mother, jurisdiction was in Florida. Conversely, the respondent herein and petitioner below, R.L. ("the father"), argues that the youngest child was a resident of West Virginia at the time of the filing of the divorce petition.

The action in this Court was timely perfected, and the appendix record accompanied the petition. The father, through counsel, filed a response to the petition for appeal, and the mother, *pro se*, filed a reply. Based upon the parties' written submissions and oral arguments, the portions of the record designated for our consideration, and the pertinent authorities, we find that the circuit court was correct in its determination that it lacked jurisdiction to consider the merits of the appeal. Accordingly, we affirm the underlying decision. This Court further finds that this case presents no new or significant questions of law and, thus, will be disposed of through a memorandum decision as contemplated by Rule 21 of the Revised Rules of Appellate Procedure.

Despite the parties' arguments to this Court regarding the merits of this case, the pertinent consideration for this Court involves the case's procedural posture. Briefly, the

---

[1]"We follow our past practice in juvenile and domestic relations cases which involve sensitive facts and do not utilize the last names of the parties." *State ex rel. West Virginia Dep't of Human Servs. v. Cheryl M.,* 177 W. Va. 688, 689 n.1, 356 S.E.2d 181, 182 n.1 (1987).

father filed a petition for divorce, and a hearing was held January 23, 2012, before the family court. After the hearing, but prior to the family court's entry of an order, the mother, on February 13, 2012, filed a petition for appeal in the circuit court. By order entered March 9, 2012, the circuit court denied the mother's petition for appeal: "the Petition for Appeal to Circuit Court is **DENIED** because the Court is without jurisdiction to consider the same." (Emphasis in original). In its ruling, the circuit court found that the "appeal was filed before entry of the Family Court's Final Divorce Order, [and] this Court is deprived of jurisdiction to consider the merits of [the mother's] appeal." While the petition for appeal was pending in the circuit court, the family court entered a final divorce order on March 2, 2012, wherein it dissolved the parties' marriage and granted child custody to the father. The mother was awarded visitation rights on the condition that her boyfriend not be present with the children. Subsequent to the family court's final order, the parties took no action until July 9, 2012, when the mother appealed the March 9, 2012, circuit court order to this Court.[2]

> Our general standard of review is as follows:
> In reviewing a final order entered by a circuit court judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo*.

Syl., *Carr v. Hancock*, 216 W. Va. 474, 607 S.E.2d 803 (2004). On appeal to this Court, the mother has assigned error relating to the merits of the family court's rulings. However, from our review of the circuit court's order, we conclude that, before reaching the merits of this case, we must first determine whether the circuit court correctly denied jurisdiction on the purported basis that no appealable order existed at the time of the filing of the petition for appeal.[3]

---

[2]We note that neither party sought a direct appeal to this Court from the family court. *See* W. Va. Code § 51-2A-15(a) (2001) (Repl. Vol. 2008) ("If both of the parties file, either jointly or separately, within fourteen days following the entry of the final order of a family court judge, a notice of intent to file an appeal from the final order of the family court directly to the supreme court of appeals and to waive their right to file a petition for appeal with the circuit court, the petition for appeal of the final order of the family court may be filed with the supreme court of appeals."). *Accord* W. Va. R. Prac. & Proc. Fam. Cts. 26(a) (same).

[3]*Cf.* Syl. pt. 2, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995) ("Where neither party to an appeal raises, briefs, or argues a jurisdictional question
(continued...)

2

It has long been recognized that appeal rights stem from a final order.[4] Specifically, W. Va. Code § 51-2A-11 (2001) (Repl. Vol. 2008) states that "[n]o appeal may be had under the provisions of this article from any order of a family court judge . . . other than a final order." *See also* W. Va. R. Prac. & Proc. Fam. Cts. 28(a) ("A party aggrieved by a *final order* of a family court may file a petition for appeal to the circuit court[.]" (emphasis added)). We previously have instructed that "a case is final only 'when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined.'" *James M.B. v. Carolyn M.,* 193 W. Va. 289, 292, 456 S.E.2d 16, 19 (1995) (internal citation omitted). Because the family court had not yet issued an order at the time the mother filed her petition for appeal to the circuit court, the circuit court was correct in its determination that it had no authority to consider the merits of the appeal. Accordingly, the circuit court properly concluded that it had no jurisdiction to review the merits of the case.

For the foregoing reasons, we affirm the circuit court's denial of the petition for appeal. The mother's filing of such petition prior to a final order being entered by the family court divested the circuit court of jurisdiction to consider the issues contained therein. Therefore, the March 9, 2012, order by the Circuit Court of Berkeley County is affirmed.

Affirmed.

**ISSUED: October 24, 2013**

**CONCURRED IN BY:**

**Chief Justice Brent D. Benjamin**
**Justice Robin Jean Davis**
**Justice Margaret L. Workman**
**Justice Allen H. Loughry II**

**Justice Ketchum dissenting**

---

[3](...continued) presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking.").

[4]None of the limited exceptions to the rule of finality are applicable herein.

3

Justice Ketchum dissenting:

I dissent because I believe we should have decided the case on its merits rather than a jurisdictional issue.

The family court's final order had not been entered when the case was appealed to the circuit court. However, it had been entered when the circuit court dismissed the appeal stating it did not have jurisdiction because the appeal was filed before the family court's final order was entered. This case involves the custody of children and should not be decided on technicalities.