# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Patricia H.,**
**Petitioner Below, Petitioner**

**vs)  No. 15-0461** (Clay County 06-D-168)

**Gregory M.,**
**Respondent Below, Respondent**

**FILED**

**June 3, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Patricia H., by counsel Charles R. Webb, appeals the order of the Circuit Court of Clay County that refused her appeal from an order of the Clay County Family Court.[1] Respondent Gregory P. Moore, by counsel Anita Harold Ashley, filed a response and counter-claim. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The parties were married on August 30, 1997, and separated on October 18, 2006. A divorce decree was entered December 7, 2007. During the parties' marriage, respondent, a coal miner, was involved in a labor dispute with Cannelton Mine in eastern Kanawha County, West Virginia. In the dispute, Massey Energy acquired the Cannelton mine, and refused to hire a number of miners who were previously employed at the mine. A class action suit filed on behalf of respondent and other miners seeking back-pay was thereafter filed with the National Labor Relations Board ("NLRB") and a subsequent settlement agreement resulted in respondent receiving a settlement of $181,695.29.

In October of 2014, petitioner learned of the settlement and filed a petition seeking her

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.,* 235 W.Va. 254, 773 S.E.2d 20 (2015); *In re Jeffrey R.L.,* 190 W.Va. 24, 435 S.E.2d 162 (1993); *State v. Edward Charles L.,* 183 W.Va. 641, 398 S.E.2d 123 (1990).

1

marital share of the settlement. The matter was heard by the Family Court of Clay County. The court found that at the time of the divorce, respondent was required to disclose financial assets, including the back-pay claim, but negligently failed to do so. Relying upon West Virginia Code § 48-5-706, the family court found it had jurisdiction to modify the distribution of marital property in order to avoid an inequitable result.

The family court determined that petitioner was entitled to her marital portion of the back-pay claim. The family court further determined that the relevant time period of the legal dispute between Massey and respondent was ten years, and that the parties were married for approximately two of those ten years. The family court determined that petitioner is entitled to half of the proceeds from that time period, finding that petitioner's ultimate portion was $19,386.89 in gross proceeds, or $14,514.26 of the net proceeds received by respondent.

Following the family court hearing, petitioner's counsel filed a supplemental brief with the family court. Petitioner alleged, as she does in her brief to this Court, that she is entitled to a larger share of the proceeds, claiming that the litigation ended at the time of the original NLRB ruling. The circuit court rejected this argument in its final order.

Petitioner and respondent both appealed the order of the family court to the circuit court. The circuit court refused both parties' petitions for appeal pursuant to West Virginia Code § 51-2A-14(a). The parties now appeal the family court order.

In this appeal, petitioner alleges that the family court improperly calculated the marital portion of the back pay claim.[2] On cross-appeal, respondent alleges that the lower courts failed to give proper consideration to a waiver of further distribution which was included in the parties' final divorce decree, and further argues that the family court did not have jurisdiction to hear petitioner's claims.

The standard of review with which we approach this matter has been explained as follows:

---

[2] Petitioner also asserts as an assignment of error that,

> [t]his is a case of first impression which may affect many ex-spouses and recipients of the "back pay" awarded former Massey miners of Cannelton via NLRB ALJ decision in November 2007. It will decide the equitable distribution for those recipients and their ex-spouses who divorced during the NLRB proceeding. The total payout per former employee is estimated at approximately $370,000 in back wages and benefits.

Not only does this assignment of error fail to allege any wrongdoing by the lower courts, but petitioner curiously does not provide any argument regarding this alleged error. "Although we liberally construe briefs in determining issues presented for review, issues which are not raised, and those mentioned only in passing but are not supported with pertinent authority, are not considered on appeal." *State v. LaRock*, 196 W.Va. 294, 302, 470 S.E.2d 613, 621 (1996). Accordingly, we decline to consider this assignment of error.

"In reviewing a final order entered by a circuit judge upon a review of, or upon a refusal to review, a final order of a family court judge, we review the findings of fact made by the family court judge under the clearly erroneous standard, and the application of law to the facts under an abuse of discretion standard. We review questions of law *de novo.*" Syllabus, *Carr v. Hancock,* 216 W.Va. 474, 607 S.E.2d 803 (2004).

Syl. Pt 1, *Staton v. Staton,* 218 W.Va. 201, 624 S.E.2d 548 (2005). *See also* Syl. Pt. 2, *Lucas v. Lucas,* 215 W.Va. 1, 592 S.E.2d 646 (2003) (holding that "[i]n reviewing challenges to findings made by a family court judge that also were adopted by a circuit court, a three-pronged standard of review is applied. Under these circumstances, a final equitable distribution order is reviewed under an abuse of discretion standard; the underlying factual findings are reviewed under a clearly erroneous standard; and questions of law and statutory interpretations are subject to a *de novo* review."). Mindful of these standards, we proceed to consider the parties' arguments.

Petitioner complains that the circuit court improperly calculated the marital portion of the back-pay settlement. In support, petitioner claims that the proper relevant time period for the legal dispute is from December of 2004 (the effective date of termination according to the NLRB decision) to September 21, 2007. Neither petitioner's brief nor any documents contained in the record satisfactorily explain why petitioner chose September 21, 2007, as the end date for the NLRB litigation.[3] More inexplicable is that petitioner asserts that this time period results in a period of twenty-six months of pending litigation. In fact, the time period suggested by petitioner encompasses approximately thirty-three months. Regardless, petitioner asserts that the parties were married for twenty-three of the twenty-six months of pending litigation, and that she is entitled to approximately half of the proceeds from that time period. Consequently, petitioner claims she is entitled to $77,543.00 of respondent's back-pay, plus interest. Petitioner asserts that this figure is consistent with respondent's wages during that period. In contrast, the family court found that the relevant time period for the pending litigation was ten years, from September 1, 2004, (the date respondent was not hired by the successor employer) to August 10, 2014 (the date the settlement was finalized), and that the parties were married for approximately two years and one-half months of that time period.

We find that petitioner's argument lacks merit. We have held, "[a] case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." Syl. Pt. 3, in part, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995). In this matter, an appeal was pending for approximately ten years, and was ultimately concluded with a settlement between the parties. Further, not only is petitioner's argument riddled with incorrect arithmetic, petitioner fails to provide any authority to support her contentions. Rule 10(7) of the West Virginia Rules of Appellate Procedure, in pertinent part, states,

[t]he argument must contain appropriate and specific citations to the record on

---

[3] In her brief, petitioner references the February 9, 2015, hearing transcript, where petitioner's counsel asks respondent, "Mr. M., the decision by the administrative law judge was literally handed out November 21, 2007, just two months after your final hearing in this matter?"

appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal. The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

Consequently, petitioner's claim that the relevant time period for the litigation of respondent's back-pay claim ended at the time of the National Labor Relations Board decision is unfounded, and petitioner has failed to demonstrate that the family court abused its discretion. Accordingly we decline to reverse on that ground.

*Respondent's Cross-Assignments of Error*

Respondent first asserts on cross-appeal that in the final divorce decree, the parties executed a waiver of further distribution that the family court failed to consider in its determination that petitioner was entitled to a portion of respondent's back-pay settlement in the first instance. Respondent asserts that the waiver language is clear an unambiguous and should act to bar petitioner's claim to a portion of the settlement. Respondent asserts further that he and petitioner were living together for approximately two years while the back-pay claim was pending, and that, during that time, petitioner was aware that respondent was heavily involved in a grievance with his former employer. However, the family court found that, although respondent had specific knowledge of the pending back-pay claim at the time of the final divorce decree, respondent failed to disclose the back-pay claim in his financial disclosure, or at any time during the divorce proceedings, and that as a result, any waiver by petitioner was not made knowingly. The family court held,

> [a] party should not be bound to a waiver of a claim of which a party had no knowledge, particularly where the other party failed to disclose the same when required to do so, and particularly where, as here, upholding such a waiver would result in unjust enrichment to the non-disclosing party.

We agree with the family court and find that as a result of respondent's failure to disclose this claim, the family court did not err in petitioner's waiver of further distribution to be invalid as to this settlement. West Virginia Code § 48-7-206(2) states,

> If any party deliberately or negligently fails to disclose information which is required by this part 2 and in consequence thereof any asset or assets with a fair market value of five hundred dollars or more is omitted from the final distribution of property, the party aggrieved by the nondisclosure may at any time petition a court of competent jurisdiction to declare the creation of a constructive trust as to all undisclosed assets, for the benefit of the parties and their minor or dependent children, if any, with the party in whose name the assets are held declared the constructive trustee, such trust to include such terms and conditions as the court may determine. The court shall impose the trust upon a finding of a failure to disclose such assets as required under this part 2.

W.Va. Code § 48-7-206(2).

Further, we have held, "[t]o effect a waiver, there must be evidence which demonstrates that a

4

party has intentionally relinquished a known right." Syl. Pt. 1, in part, *Potesta v. U.S. Fid. & Guar. Co.*, 202 W.Va. 308, 504 S.E.2d 135 (1998). Accordingly, we agree with the family court that any waiver by petitioner was not knowingly made, and find no abuse of discretion.

Respondent also argues that the family court lacked jurisdiction to re-open the issue of equitable distribution and modify the final divorce order. Respondent contends that petitioner failed in her statutory burden under West Virginia Code § 48-5-706 to prove that modification of the final order was necessary to avoid an inequitable or unjust result. West Virginia Code § 48-5-706 allows for the alteration of an order concerning the distribution of marital property. The family court found that pursuant to that Code section, it had the authority to alter a prior order if, "[t]he alteration of the prior order as it relates to the distribution of marital property is necessary to avoid an inequitable or unjust result which would be caused by the manner in which the modification will affect the prior distribution of marital property."

The family court found further that,

a significant portion of the back-pay award accrued during the parties' marriage and prior to their separation. [Petitioner] would have enjoyed the benefit of the same had the wages (and insurance premiums) been paid during the parties' marriage. If this court denies her marital share of the back-pay, the same amounts to an unjust windfall to the respondent.

We agree with the family court and find respondent failed to prove that the family court lacked jurisdiction to modify the equitable distribution of the marital property. Respondent had specific knowledge of the back pay claim but either negligently or intentionally failed to disclose it. As the family court held, "[respondent] cannot now reasonably argue that petitioner waived her marital share of the same in the absence of that disclosure." Similarly, respondent cannot now claim that modification is unjust, considering petitioner would have enjoyed the benefit of that income during the parties' marriage. Accordingly, we find the family court did not abuse its discretion in finding that it had jurisdiction to modify the final order of distribution of marital property.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 3, 2016

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

5