456 S.E.2d 16

**JAMES M.B. and Lawrence E.B.,
Plaintiffs Below, Appellants,**

v.

**CAROLYN M. and William
M., Defendants Below,
Appellees.**

**No. 22545.**

Supreme Court of Appeals of
West Virginia.

Submitted Jan. 11, 1995.

Decided Feb. 17, 1995.

---

James M.B., pro se.

David R. Karr, Ravenswood, for appellees.

CLECKLEY, Justice:

This case is brought *pro se* by the plaintiffs below and appellants herein, James M.B. and Lawrence E.B.[1] The plaintiffs appeal the June 30, 1994, order of the Circuit Court of

1. The merits of this case involve a paternity action. Although we do not discuss the merits of the case in this opinion, we continue to protect the identity of the individuals involved by following our traditional practice of not using last names to avoid stigmatizing the parties. *See State v. Derr,* 192 W.Va. 165, 451 S.E.2d 731 (1994); *In the Matter of Browning,* 192 W.Va. 231, 452 S.E.2d 34 (1994).

Jackson County, which granted a motion to dismiss the plaintiffs' action against the defendants below and appellees herein, Carolyn M. and William M. Subsequently, on July 7, 1994, the plaintiffs filed a "motion for reconsideration" with the circuit court. The circuit court did not rule on this motion prior to the plaintiffs' filing a notice of an intent to appeal the June 30, 1994, order to this Court. As a result of the pending motion, we find the petition for appeal was improvidently granted and this appeal must be dismissed.

▮ It is, of course, axiomatic that a court of limited appellate jurisdiction is obliged to examine its own power to hear a particular case. This Court's jurisdictional authority is either endowed by the West Virginia Constitution or conferred by the West Virginia Legislature. Therefore, this Court has a responsibility *sua sponte* to examine the basis of its own jurisdiction. *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 29 S.Ct. 42, 53 L.Ed. 126 (1908). As occurred in this case, where neither party to an appeal raises, briefs, or argues the jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking. Thus, it is irrelevant that the parties have not disputed jurisdiction. Accordingly, we address as a threshold matter whether there is an appealable order in this case.

▮ Under W.Va.Code, 58–5–1 (1925), appeals only may be taken from final decisions of a circuit court. *Parkway Fuel Service, Inc. v. Pauley*, 159 W.Va. 216, 219, 220 S.E.2d 439, 441 (1975) ("*W.Va.Code*, 58–5–1, permits a party to a controversy to obtain an appeal ... when the matter in controversy exceeds three hundred dollars and a *final judgment* has been entered." (Emphasis added)). This rule, commonly referred to as the "rule of finality," is designed to prohibit "piecemeal appellate review of trial court decisions which do not terminate the litigatiori[.]" *United States v. Hollywood Motor Car Co., Inc.*, 458 U.S. 263, 265, 102 S.Ct. 3081, 3082, 73 L.Ed.2d 754, 756 (1982). The requirement of finality has been called " 'an historic characteristic of ... appellate procedure.' " *Flanagan v. United States*, 465 U.S. 259, 263, 104 S.Ct. 1051, 1053–54, 79 L.Ed.2d 288, 293 (1984), *quoting Cobbledick v. United States*, 309 U.S. 323, 324, 60 S.Ct. 540, 541, 84 L.Ed. 783, 785 (1940). Pertinent here, a case is final only "when it terminates the litigation between the parties on the merits of the case, and leaves nothing to be done but to enforce by execution what has been determined." *St. Louis, Iron Mountain & Southern R.R. Co. v. Southern Express Co.*, 108 U.S. 24, 28–29, 2 S.Ct. 6, 8, 27 L.Ed. 638, 639 (1883).[2]

▮ With rare exception, the "finality rule" is mandatory and jurisdictional. Thus, to be appealable, an order must be final as discussed above, must fall within a specific class of interlocutory orders which are made appealable by statute or by the West Virginia Rules of Civil Procedure,[3] or must fall within

---

**2.** The "finality rule" preserves the autonomy of the trial court by minimizing appellate interference, ensuring that the role of the appellate court will be one of review rather than one of intervention. *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528, 1536 (1949). It furthers efficiency by providing there only will be review where the record is complete and the judgment pronounced. *Flanagan v. United States*, 465 U.S. at 263–64, 104 S.Ct. at 1054, 79 L.Ed.2d at 293. It preserves integrity and emphasizes the importance of the harmless error doctrine by prohibiting review until an appellate court can determine whether a claimed trial error was harmless. Finally, in the civil context, the rule reduces the ability of litigants to wear down their opponents by repeated, expensive appellate proceedings.

**3.** This Court may address specific issues that arise by writs of prohibition, certified questions, or by judgments rendered under Rule 54(b) of the West Virginia Rules of Civil Procedure. A writ of prohibition sought pursuant to W.Va. Code, 53–1–1 (1923), "shall lie as a matter of right in all cases of usurpation and abuse of power, when the inferior court has not jurisdiction of the subject matter in controversy, or, having such jurisdiction, exceeds it legitimate powers." *See also State ex rel. Allen v. Bedell*, 193 W.Va. 32, 454 S.E.2d 77 (1994) (Cleckley, J., concurring). This Court also may answer certified questions that are brought from circuit courts pursuant to W.Va.Code, 58–5–2 (1967), and from federal courts or appellate courts in other states pursuant to W.Va.Code, 51–1A–1 (1976). Moreover, this Court may entertain judgments that are made under Rule 54(b). Rule

a jurisprudential exception.[4] It is manifest that none of the exceptions to the final judgment rule remotely applies in this case; therefore, our discussion will address only whether there is a final appealable order.

 In the present case, the circuit court granted the defendants' pretrial motion to dismiss and entered an order to that effect on June 30, 1994. Rather than take an immediate appeal, the plaintiffs, within ten days of the circuit court's order, filed a "motion for reconsideration."[5] We now must determine what effect, if any, does the filing of a "motion to reconsider" have on a party's right to appeal and the jurisdiction of this Court to entertain such an appeal prior to the circuit court's ruling on this motion.[6]

 The West Virginia Rules of Civil Procedure authorize several post-trial or post-judgment motions. They are: a motion for judgment notwithstanding the verdict (j.n.o.v.) under Rule 50(b); a motion to amend the findings on which a judgment is based where a case is tried to a judge without a jury under Rule 52(b) or a motion to amend or alter a judgment under Rule 59(e); and a motion for a new trial under Rule 59(a) and (b). By their plain terms, the motion for a new trial and the motion for j.n.o.v. apply only to jury trials; thus, they are not applicable to this case. In cases tried to a judge without a jury, a motion similar to a motion for a new trial may be used to set aside or revise the judgment. Therefore, Rule 59(e)[7] is applicable to situations where a party seeks to alter, amend, or revise a judgment that was entered as a result of a pretrial motion.[8] More specifically, Rule 59(e) pro-

54(b) applies to judgments in cases involving multiple parties or claims and provides, in part:

"[T]he court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

The rationale behind this rule is to prevent a party from experiencing hardship or injustice as a result of delay by forcing a party to wait until a final judgment is rendered as to all claims and parties. *See Durm v. Heck's, Inc.*, 184 W.Va. 562, 401 S.E.2d 908 (1991).

4. The "collateral order" doctrine was set forth by the United States Supreme Court in *Cohen, supra.* In *Durm*, 184 W.Va. at 566 n. 2, 401 S.E.2d at 912 n. 2, we noted the doctrine as an exception to the federal interpretation of Rule 54(b), and we said that under *Cohen* "[a]n interlocutory order would be subject to appeal under this doctrine if it '(1) conclusively determines the disputed controversy, (2) resolves an important issue completely separate from the merits of the action, and (3) is effectively unreviewable on appeal from a final judgment.' *Thompson [v. Betts]*, 754 F.2d [1243,] 1246 [ (5th Cir.1985) ]." (Citations omitted in *Durm* ).

5. It must be emphasized that motions to reconsider or to amend or alter the judgment upon a

Rule 59(e) motion are not necessary to preserve the right of appeal. As we stated in *Parkway Fuel*, 159 W.Va. at 219, 220 S.E.2d at 441, "[t]hese remedies exist concurrently with and independently of the remedy of appeal, and failure to apply for such relief does not affect the appealability of a final judgment."

6. The right of *pro se* plaintiffs to petition this Court for an appeal cannot be effectively denied by the circuit court's failure to act promptly on post-judgment motions. Circuit courts have the authority to adopt local rules requiring all motions to be brought to its attention before or immediately after filing. Considering that trial judges usually do not reach a decision in the first place until their conclusion is firm, unless the post-judgment motion presents some factual or legal matter that earlier had not been adduced, the issues raised on these motions are ripe for quick resolution.

7. Rule 59(e) of the West Virginia Rules of Civil Procedure provides: *"Motion to alter or amend a judgment.—*A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment."

8. A case may be decided by a judge without a jury in two separate situations:

"One occurs when a question of law is posed at the pretrial stage that is determinative of the action and that may be resolved without a trial of factual issues going to the merits. Such a situation arises, for example, when a party moves for dismissal for lack of jurisdiction or for summary judgment on the ground that no genuine issue of fact is involved. The other situation occurs when issues of fact are tried to the court without a jury."

vides the procedure for a party who seeks to change or revise a judgment entered as a result of a motion to dismiss or a motion for summary judgment.

■ Although a "motion to reconsider" is nowhere explicitly authorized in the West Virginia Rules of Civil Procedure, it has been said to be a legitimate procedural device.[9] In the present case, the "motion to reconsider" was filed within the ten-day period required for motions under Rule 59; therefore, for the reasons discussed below, we proceed as if it was a timely filed request for relief under Rule 59(e).

■ Our decision to treat the "motion to reconsider" under Rule 59(e) is controlled by *Lieving v. Hadley,* 188 W.Va. 197, 423 S.E.2d 600 (1992). In *Lieving,* we quoted Paragraph 59.12[1] at 265–64 of 6A James W. Moore & Jo D. Lucas, *Moore's Federal Practice* (June 1989), which states:

" 'In order to avoid confusion, and to prevent harsh results for unwary parties, the courts have generally held that, regardless of its label, any motion made within ten days of entry of judgment [ ...] will be considered a Rule 59(e) motion which suspends the finality of [the] judgment and tolls the time [to] appeal. Thus, *a motion to reconsider, vacate, set aside, or reargue will ordinarily be construed as Rule 59(e) motions if made within ten days of entry of judgment.*' " 188 W.Va. at 200, 423

S.E.2d at 603. (Emphasis added and footnotes omitted in *Lieving* ).

In *Lieving,* we concluded the reasoning behind the federal practice was sound and adopted the federal practice of considering "motions for reconsideration" as motions made under Rule 59(e) of our Rules of Civil Procedure.[10]

■ Specifically, we stated in Syllabus Points 1 and 2 of *Lieving:*

"1. A motion to amend or alter judgment, even though it is incorrectly denominated as a motion to 'reconsider', 'vacate', 'set aside', or 'reargue' is a Rule 59(e) motion if filed and served within ten days of entry of judgment.

"2. Calling a Rule 59(e) motion a motion to 'reconsider', 'vacate', 'set aside', or 'reargue' is confusing to a trial court, and where such motions are filed within ten days of judgment they should be correctly styled as Rule 59(e) motions to alter or amend judgment."

Thus, in West Virginia, a "motion for reconsideration"[11] filed within ten days of judgment being entered suspends the finality of the judgment and makes the judgment unripe for appeal. Furthermore, when the time for appeal is so extended, its full length

Fleming James, Jr., Geoffery C. Hazard, Jr., John Leubsdorf, *Civil Procedure* § 12.3 at 646 (4th ed. 1992).

**9.** *Pro se* pleadings and motions are held to less stringent standards than those drafted by lawyers. *Haines v. Kerner,* 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.), *cert. denied,* 439 U.S. 970, 99 S.Ct. 464, 58 L.Ed.2d 431 (1978). Allegations, however inartfully pleaded, are sufficient to call for an opportunity to offer supporting evidence, unless it is " 'beyond doubt' " that the claimant could prove no set of facts entitling him to relief. *Cruz v. Beto,* 405 U.S. 319, 322, 92 S.Ct. 1079, 1081, 31 L.Ed.2d 263, 268 (1972), *quoting Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957).

**10.** Ordinarily, an order dismissing a case pursuant to a motion to dismiss or a motion for summary judgment is a ruling on the merits and constitutes an effective termination of all pro-

ceedings before the circuit court making the case appealable. However, a Rule 59 motion technically reopens the case. In *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989), for instance, the United States Supreme Court held that a post-judgment motion for discretionary prejudgment interest constituted a motion to alter or amend the judgment, as contemplated by Rule 59(e). Consequently, a notice of appeal filed before the disposition of the motion was ineffective.

**11.** We again emphasize our warning in *Lieving,* 188 W.Va. at 201, 423 S.E.2d at 604, that it is confusing when motions do not fall clearly within a particular rule. In addition, "it allows opposing counsel to make motions to dismiss appeals in this Court for lack of timeliness, when such motions would not be invited were they properly styled as a 'Rule 59(e) motion to alter or amend judgment.' " *See also Graf v. West Virginia University,* 189 W.Va. 214, 218, 429 S.E.2d 496, 500 (1992).

begins to run from the date of entry of the order disposing of the motion.[12]

▮▮▮▮ Application of these principles of appellate review produces a result entirely consistent with, and perhaps required by W.Va.Code, 58–5–1. As previously mentioned, the plaintiffs filed the "motion for reconsideration" within ten days of the circuit court's order. Applying Syllabus Points 1 and 2 of *Lieving*, we determine the plaintiffs' "motion for reconsideration" is actually a Rule 59(e) motion to alter or amend the judgment. Therefore, we find that, because the circuit court never ruled on the motion, the June 30, 1994, order is not a final, appealable judgment. A judgment is final only when a court hands down a judgment couched in language calculated to conclude all claims before it. We have no authority to consider an appeal except as previously discussed.[13] With no finality of the judgment, this Court has no authority to review the merits of this case.[14]

For the foregoing reasons, this case is dismissed without prejudice.[15]

Dismissed.

BROTHERTON, J., did not participate.

FOX, Judge, sitting by temporary assignment.

---

**12.** For a general treatment of post-trial motion procedure, see David E. Herr, Roger S. Haydock, and Jeffrey W. Stempel, *Motion Practice* §§ 22, 23 (2nd ed. 1990).

**13.** In some instances, departure from our appellate rules has been indulged. Although this Court may construe the statute liberally in determining whether it has been complied with, we may not waive jurisdictional requirements even for "good cause shown" in *pro se* cases. *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 317, 108 S.Ct. 2405, 2409, 101 L.Ed.2d 285, 291 (1988).

**14.** Based on the record presented to this Court, neither the parties nor the circuit court gave any serious consideration as to whether the joinder of the children, who arguably would benefit from the plaintiffs' proposal, is necessary as required by Rule 19 of the West Virginia Rules of Civil Procedure. The circuit court must make such a determination of this issue on the record. A necessary party is one whose interest could be so impaired or adversely affected by the outcome that he or she must be included as a plaintiff or defendant unless there is a valid excuse for nonjoinder. *See Dixon v. American Indus. Leasing Co.*, 157 W.Va. 735, 205 S.E.2d 4 (1974). *See generally* 3A James Wm. Moore, *Federal Practice and Procedure* ¶¶ 19.01–19.07 (1994); 7 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* §§ 1601–1611 (1986).

**15.** As we have noted, the circuit court has not ruled on the "motion for reconsideration." When the circuit court does rule, the plaintiffs may then appeal if the motion is denied. Rule 72 of the West Virginia Rules of Civil Procedure controls the time frame for filing a petition for appeal when a Rule 59 motion is made. Rule 72 states, in relevant part: "The full time for filing a petition for appeal commences to run and is to be computed from the entry of any of the following orders made upon a timely motion under such rules: ... granting or denying a motion under Rule 59 to alter or amend the judgment[.]"