## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Calvin T. Odom,**
**Defendant Below, Petitioner**

**vs)  No. 13-1092** (Jefferson County 12-C-247)

**Partners for Payment Relief, DE III, LLC,**
**Plaintiff Below, Respondent**

**FILED**

June 6, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Calvin T. Odom, appearing *pro se*, appeals the September 26, 2013, order of the Circuit Court of Jefferson County that (1) granted Respondent (Partners for Payment Relief, DE III, LLC) summary judgment on its complaint alleging unlawful detainer of real property against petitioner; (2) dismissed petitioner's counterclaim to have the foreclosure sale set aside; and (3) denied petitioner's motion to amend to his counterclaim to include claims for violations of the West Virginia Consumer Credit Protection Act ["WVCCPA"] and for intentional infliction of emotional distress. Respondent, by counsel Don C.A. Parker, Bruce M. Jacobs, and Megan E. McCullough, filed a response. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that petitioner's appeal should be dismissed without prejudice for lack of a final appealable order. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On May 2, 2012, respondent filed an unlawful detainer action against petitioner in the Magistrate Court of Jefferson County alleging that he refused to vacate residential property at 731 Chickamauga Drive, Harpers Ferry, West Virginia. Respondent claimed that it had the right to possession of the property as a result of a foreclosure sale at which it was the highest bidder.[1] Petitioner removed the case to the Circuit Court of Jefferson County where his counsel filed an amended answer and counterclaim by which petitioner sought to have the foreclosure sale set aside.

Subsequently, on September 26, 2013, the circuit court (1) granted respondent summary judgment on its complaint alleging unlawful detainer of real property against petitioner;[2]

---

[1] The property was foreclosed under a subordinate deed of trust held by respondent.

[2] Despite the circuit court's summary judgment in respondent's favor, petitioner remains in possession of the property.

1

(2) dismissed petitioner's counterclaim to have the foreclosure sale set aside; and (3) denied petitioner's motion to amend to include claims for violations of the WVCCPA and for intentional infliction of emotional distress. On October 7, 2013, petitioner, appearing pro se, moved the circuit court to reconsider its September 26, 2013, order. Because petitioner filed his motion within ten days of the circuit court's order, the motion was made pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure.[3] *See* Syl. Pt. 6, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995).

The parties appeared for a status hearing on October 18, 2013, at which time both respondent and the circuit court acknowledged that petitioner's motion to reconsider had been filed pursuant to Rule 59(e). Respondent also moved that it be granted summary judgment on petitioner's remaining counterclaim—a claim for damages and attorney's fees under the West Virginia Residential Mortgage Lender, Broker and Servicer Act, West Virginia Code §§ 31-17-1 to -20 (hereinafter "Act"). At the hearing's conclusion, the circuit court gave the parties fifteen days to file additional pleadings. Petitioner asked, "Then[,] you will make a decision as to whether summary judgment will be [up]held?" The circuit court answered, "Yes."

On November 12, 2013, the circuit court granted respondent summary judgment on petitioner's remaining counterclaim finding that a borrower had no remedy under West Virginia Code § 31-17-17(c) for violation of the Act's licensing requirements. The November 12, 2013, order purported to retire the case from the active docket, but the circuit court failed to rule on petitioner's Rule 59(e) motion.

During the preceding month, petitioner filed his appeal from the circuit court's September 26, 2013, order on October 25, 2013. Petitioner did not appeal the November 12, 2013, order. Consequently, the only order before this Court is the circuit court's September 26, 2013, order that (1) granted respondent summary judgment on its complaint alleging unlawful detainer of real property against petitioner; (2) dismissed petitioner's counterclaim to have the foreclosure sale set aside; and (3) denied petitioner's motion to amend to include claims for violations of the WVCCPA and for intentional infliction of emotional distress.

On appeal, neither party addresses the fact that the circuit court failed to rule on petitioner's Rule 59(e) motion. In Syllabus Point 2 of *James M.B.*, this Court held that it "has the inherent power and duty to determine unilaterally its authority to hear a particular case" and that "[p]arties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking." 193 W.Va. at 291, 456 S.E.2d at 18. Pursuant to Syllabus Point 3, "appeals only may be taken from final decisions of a circuit court." *Id.* (citing W.Va. Code § 58-5-1). The Court further held in Syllabus Point 7 of *James M.B.* as follows:

A motion for reconsideration filed within ten days of judgment being entered

---

[3] Rule 59(e) provides that "[a]ny motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment."

2

suspends the finality of the judgment and makes the judgment unripe for appeal. When the time for appeal is so extended, its full length begins to run from the date of entry of the order disposing of the motion.

193 W.Va. at 292, 456 S.E.2d at 18. In the instant case, the circuit court has yet to dispose of petitioner's Rule 59(e) motion. Therefore, this Court finds that (1) the Rule 59(e) motion has suspended the finality of the September 26, 2013, order making it unripe for appeal; and (2) once the circuit court rules on the motion, petitioner will have his full appeal time in which to appeal. *See* Rule 72, W.V.R.A.P.; *James M.B.*, 193 W.Va. at 295 n. 15, 456 S.E.2d at 22 n. 15. Accordingly, this Court dismisses petitioner's appeal without prejudice.

Dismissed without Prejudice.

**ISSUED:** June 6, 2014

**CONCURRED IN BY:**

Chief Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II