No. 14-0637  *Fleet v. Webber Springs Owners Ass'n, Inc.*

**FILED**

May 26, 2015

**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

Benjamin, J., dissenting:

I dissent because this Court has no jurisdiction to hear an interlocutory appeal, which means this appeal should have been dismissed as improvidently granted.

In the case before us, the order being appealed was the grant of summary judgment to the respondent homeowners' association on the petitioner's counterclaims. This order did not address or enter judgment on the respondent's claims for past due assessments, attorney fees or costs. Nothing in this order professes to, purports to or otherwise claims to address the respondent's claims. The order merely resolved the counterclaims of the petitioner and left for resolution the underlying collection action instituted by the respondent.

The majority makes short work of the lack of jurisdiction, positing in footnote 8 that despite clear precedent and other authority in the form of this Court's rules and a statute, this order "approximates a final order in its nature and effect." The majority makes this statement with the knowledge that the underlying claim of the respondent remains unsettled and the only portion of this case that was affected by the ruling was the counterclaim of the petitioner.

Under our rules and by statute, there must be a full and final judgment on all claims and parties before a party may appeal a final order of a circuit court. See W. Va. Code § 58-5-1; *see also* W. Va. R. Civ. P 54(b) (authorizing entry of a final judgment in accordance with the specification of § 58-5-1 but instructing that "any order or other form of decision, however designated, which adjudicates fewer than all claims or the rights and liabilities of fewer than all of the parties *shall not terminate the action as to any of the claims or parties*") (emphasis added).

Further, we held in Syl. pt. 3 of *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995), that

> Under W. Va. Code 58-5-1, appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

As recognized by the majority, there are instances where an order "approximates a final order in its nature and effect. . . ." Syl. pt. 1, in part, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick*, 196 W. Va. 770, 461 S.E.2d 516 (1995). Unfortunately, this is not one of those cases because the underlying claim of the respondents was never addressed.

This is clearly an interlocutory appeal, one that should have been dismissed as improvidently granted.  I respectfully dissent from the opinion of the majority.