# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Bernard Webb and Judy Webb,**
**Plaintiffs Below, Petitioners**

**FILED**

**May 19, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 16-0660** (Wayne County 14-C-117)

**City National Bank of West Virginia, N.A.,**
**Defendant Below, Respondent**

## MEMORANDUM DECISION

Petitioners Bernard Webb and Judy Webb, by counsel Gary M. Smith, appeal the Circuit Court of Wayne County's June 28, 2016, "Judgment Order," in which the circuit court granted Respondent City National Bank of West Virginia, N.A.'s ("City National") motion to enforce a 2015 settlement agreement. City National, by counsel Ancil G. Ramey and Hannah C. Ramey, filed a response. Petitioners filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

### Factual and Procedural Background

In 1995, City National provided petitioners with a mortgage loan secured by a deed of trust on petitioners' property in Wayne County, West Virginia. The loan matured in September of 2001, but still had an unpaid balance of $46,663.95. City National refinanced petitioners' loan in 2002, resulting in a new maturity date of March 1, 2017. Between approximately April of 2002 and April of 2013, petitioners made their monthly payments without issue. However, it was later discovered that when City National refinanced the loan in 2002, it mistakenly applied the entirety of petitioners' mortgage payments to their principal only. Consequently, petitioners paid no interest on their loan between approximately March of 2002 and April of 2013, at which point City National erroneously advised petitioners that their loan had been paid in full. City National executed, and petitioners accepted, a release on City National's lien for the collateral on the note.

Following a convoluted series of events involving a separate vehicle loan, petitioners filed suit against City National in 2014. In relevant part, petitioners alleged that its mortgage loan had been paid off in June of 2012, and that City National converted petitioners' monthly mortgage payments from June of 2012 through April of 2013 by improperly applying those payments to an allegedly void judgment resulting from an unpaid vehicle loan. In June of 2015,

1

City National filed a motion for summary judgment in which it asserted that petitioners owed $17,530.00 on the mortgage loan as of June 8, 2015, pursuant to the refinance agreement signed by the parties in 2002, and that it was entitled to judgment in that amount. The parties reached a settlement prior to the circuit court taking up City National's summary judgment motion and tendered an "Agreed Order of Dismissal" to the circuit court, which the circuit court entered on July 2, 2015. The one-sentence agreed order stated that the matter was dismissed without prejudice; it made no reference to the circuit court retaining jurisdiction over the enforcement of the settlement agreement.

The parties signed a "Mutual Settlement Agreement and Release" on July 6, 2015. In relevant part, the settlement agreement stated that "[u]pon the return of an appraisal of the collateral in the amount in excess of [$17,530.00], [petitioners] will execute a new Promissory Note . . . and a new Deed of Trust with the same collateral as secured the previous loan . . .[.]" The settlement agreement further stated that "[t]he PARTIES warrant that they understand and agree that this Mutual Settlement Agreement and Release shall be enforceable in the Circuit Court of Wayne County in the same manner as if entered therein as a consent decree." Both parties were represented by counsel when executing the settlement agreement.

On October 12, 2015, City National filed a motion in which it asked the circuit court to (1) hold petitioners in contempt; (2) enforce the settlement agreement; and (3) award it fees and costs. City National alleged in its motion that petitioners had failed to comply with the settlement agreement because they refused to execute a new promissory note and deed of trust. Petitioners filed a motion to dismiss City National's motion, in which petitioners argued that the circuit court's jurisdiction over the underlying suit ended with the entry of the Agreed Order of Dismissal on July 2, 2015, and that City National was required to file a separate action to enforce the settlement agreement. City National filed a response to petitioners' motion to dismiss and contended the circuit court retained jurisdiction to enforce the settlement agreement by virtue of West Virginia law, as well as the language of the settlement agreement.

On November 2, 2015, the circuit court heard arguments on the respective motions. By order entered on November 24, 2015, the circuit court denied City National's request to hold petitioners in contempt because petitioners had not violated a court order. The circuit court also denied City National's request for fees and costs, ruling that petitioners' conduct was not "so severe and vexatious as to warrant such an award." However, the circuit court granted City National's motion to enforce the settlement agreement on the basis that the parties clearly and unambiguously conferred jurisdiction upon the circuit court to enforce the settlement agreement by including such language in the settlement agreement. Accordingly, the circuit court ordered that petitioners execute all documents required to effectuate the terms of the settlement agreement within two weeks.

On the same day that the circuit court entered its order granting the bank's motion to enforce the settlement agreement, petitioners filed a petition for Chapter 7 bankruptcy in the United States Bankruptcy Court for the Southern District of West Virginia. Thereafter, on City National's motion, the Bankruptcy Court entered an order lifting the automatic stay for the purpose of allowing the circuit court to rule on the motion to enforce the settlement agreement.

2

On June 28, 2016, the circuit court entered a "Judgment Order" in which it restated and reaffirmed its prior ruling set forth in its November 24, 2015, order. This appeal followed.

**Discussion**

On appeal, this Court is asked to review an order enforcing a settlement agreement between two parties who, while represented by counsel, expressly agreed that their settlement agreement "shall be enforceable in the Circuit Court of Wayne County in the same manner as if entered therein as a consent decree." Despite this clear and unambiguous language to which they agreed, petitioners argue that the circuit court lacked jurisdiction to entertain City National's motion to enforce the settlement agreement. Petitioners spend little to no energy disputing that they breached the settlement agreement; rather, they contend that City National must initiate a new suit to enforce it.

As City National notes, this Court has long held that "[t]he law favors and encourages the resolution of controversies by contracts of compromise and settlement rather than by litigation; and it is the policy of the law to uphold and enforce such contracts if they are fairly made and are not in contravention of some law or public policy." Syl. Pt. 1, *Sanders v. Roselawn Mem'l Gardens, Inc.*, 152 W. Va. 91, 159 S.E.2d 784 (1968). To this end, "this Court employs an abuse of discretion standard when reviewing a circuit court order enforcing a settlement agreement." *Burdette v. Burdette Realty Improvement, Inc.*, 214 W. Va. 448, 452, 590 S.E.2d 641, 645 (2003). However, petitioners frame their appeal as presenting only questions of law, and therefore, urge us to employ a *de novo* standard of review. *See* Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995) ("Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review."). We believe petitioners are correct. This case turns on whether the circuit court retained jurisdiction to rule upon City National's motion.

Petitioners first argue that the circuit court lacked jurisdiction to address City National's motion to enforce the settlement agreement. Petitioners primarily rest their argument on our holdings in syllabus points two and three of *Huston v. Mercedes-Benz*, 227 W. Va. 515, 711 S.E.2d 585 (2011), where we held as follows:

> 2.  A court must express its intention to retain continuing jurisdiction over a settlement agreement in its final order approving of the parties' settlement. To retain such jurisdiction, the court must either (1) include in its final approval order an express provision retaining jurisdiction over the parties' settlement agreement or (2) incorporate in its final approval order the precise terms of the parties' settlement agreement.

> 3.  "Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking." Syllabus point 2, in part, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995).

In the present case, the agreed order of dismissal did not include any language that the circuit court retained jurisdiction, and the settlement agreement (which did include such

3

language) was never memorialized in an order entered by the circuit court. According to petitioner, *Huston* mandates reversal of the circuit court's order granting City National's motion to enforce the settlement agreement.

On the surface, petitioner's argument seems convincing. However, petitioner's reliance on *Huston* under the facts of the present case is misplaced. Unlike the present case, *Huston* did not involve an enforcement action in the same court in which the original suit was settled; rather, *Huston* involved the interplay between federal and state court jurisdiction. The issue in *Huston* was whether plaintiffs, who settled their suit in federal court, and over which the federal court retained jurisdiction, could file a state court action based on the same subject-matter as the federal action. In *Huston,* we determined that federal district courts are courts of "limited jurisdiction," meaning they possess only the power authorized by the Constitution and statute. On the contrary, pursuant to Article VIII, Section 6 of the West Virginia Constitution, circuit courts in this State are courts of "general jurisdiction." Accordingly, under the facts of the present case, *Huston* is not controlling authority.

Additionally, the Circuit Court of Wayne County's jurisdiction over the enforcement proceedings is supported by the fact that the post-settlement dismissal was "without prejudice." The phrase "without prejudice," when used in the dismissal of an action, means that "no right or remedy of the parties is affected." *Black's Law Dictionary* 1837 (10th ed.) (citing 40 *Cyclopedia of Law and Procedure* 2130-31 (William Mack ed., 1912)). Clearly, the circuit court's dismissal of the action was in response to the parties' indication that they had reached a settlement. Further, as stated above, the settlement agreement clearly and unambiguously evidences the parties' agreement that it was enforceable in the circuit court. City National is entitled to the benefit of its bargain in negotiating and entering into a settlement agreement resolving petitioners' suit. The facts presented in this case cause this Court to conclude that the circuit court retained jurisdiction to address City National's motion to enforce the settlement agreement.

Petitioners' second and final assignment of error is that the enforcement proceedings violated their rights to due process and trial by a jury. As City National correctly argues, petitioners cite to no constitutional provision or other legal authority in opposition to the circuit court's enforcement of the settlement agreement. Furthermore, the record before us demonstrates that there is no genuine issue of material fact with respect to whether petitioners breached the settlement agreement, which prompted City National's motion to enforce it. Instead, petitioners have opted to create obstacle after obstacle to delay their compliance with the settlement agreement. Accordingly, upon our review of the record, the circuit court did not violate any of petitioners' rights by directing them to sign a promissory note and deed of trust, as they previously agreed to do.

For the foregoing reasons, we affirm the "Judgment Order" entered by the Circuit Court of Wayne County on June 28, 2016.

Affirmed.

**ISSUED:** May 19, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis