# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **R.V.**

**No. 18-0300** (Wood County 17-CIG-2)

**FILED**

**June 7, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner R.V. ("Petitioner Aunt"),[1] pro se, appeals the March 5, 2018, order of the Circuit Court of Wood County denying her petition to be appointed the new guardian for the minor child, R.V.; and directing the parties to submit proposed visitation schedules. Respondent L.V. ("Respondent Grandmother"), pro se, filed no response. Respondent West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, and the child's guardian ad litem ("GAL"), Attorney Katrina M. Christ, each filed a response in support of the circuit court's order. Petitioner Aunt filed a separate reply to each response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that there is no final appealable order in this case. For these reasons, a memorandum decision dismissing the appeal for a lack of jurisdiction and remanding this case to the circuit court for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

R.V. is eight years old and has special needs. Respondent Grandmother has served as the child's guardian since 2011. In November of 2016, the DHHR received a referral regarding the child because of arguing between Petitioner Aunt and Respondent Grandmother inside the home they shared with the child. Subsequently, Petitioner Aunt moved out of the home and filed a petition in the Circuit Court of Wood County on January 17, 2017, seeking the removal of Respondent Grandmother as the child's guardian and Petitioner Aunt's appointment as the new guardian. The circuit court held the first hearing in the case on January 23, 2017, and noted that, with Petitioner Aunt no longer residing in the same home, the reason for the referral to the DHHR

---

[1]Petitioner Aunt has the same initials as the child for whom she seeks to be appointed the new guardian. By a scheduling order, entered April 9, 2018, this Court deemed the parties' case confidential pursuant to Rule 40(e) of the West Virginia Rules of Appellate Procedure and directed the use of full initials or descriptive terms for the parties and the minor child involved.

1

no longer existed. Also, the DHHR recommended that, while Respondent Grandmother suffered from health problems, she remained a suitable person to have guardianship of the child. The DHHR noted that Respondent Grandmother began receiving help with the child following the child's acceptance into the Title 19 waiver program. Given the receipt of Title 19 services,[2] the circuit court found that Respondent Grandmother should remain the child's guardian during the pendency of Petitioner Aunt's petition. Petitioner Aunt sought visitation with the child, but the circuit court denied the request based on Respondent Grandmother's objection to the same. The circuit court appointed a GAL for the child.

The GAL's appointment was considered at a March 7, 2017, hearing, at which the parties waived a potential conflict of interest. Once the GAL's appointment was confirmed, the GAL recommended that Petitioner Aunt be given visitation with the child so that the GAL could observe the child with Petitioner Aunt and also observe him with Respondent Grandmother. Accordingly, the circuit court granted Petitioner Aunt four hours of visitation with the child per week. The record reflects that Respondent Grandmother subsequently allowed Petitioner Aunt to have additional time with the child over and above the four hours of visitation awarded by the circuit court.

The GAL presented her report at a January 10, 2018, hearing. The GAL recommended that the circuit court deny Petitioner Aunt's petition to remove Respondent Grandmother as the child's guardian. The GAL noted that the DHHR's position that it remained important "to facilitate a relationship with [Petitioner Aunt]," but opined that whether Petitioner Aunt's visitation with the child should continue was in the circuit court's discretion. Petitioner Aunt requested that the circuit court set a new visitation schedule and provide her "a lot more than the four hours" per week with the child. The circuit court directed Petitioner Aunt and Respondent Grandmother to submit proposed visitation schedules for the GAL to evaluate in a supplemental report, informing the parties that it was "look[ing] forward to see[ing] what's in the best interests for [the child]" and that they would "go from there." In an order entered March 5, 2018, the circuit court (1) denied Petitioner Aunt's petition to be appointed the new guardian for the minor child; and (2) directed the parties to submit proposed visitation schedules for the GAL to evaluate, after which "the [c]ourt will then issue an **ORDER** taking into account all the above." Petitioner Aunt submitted a proposed visitation schedule to the GAL, which the GAL evaluated in a report filed with the circuit court on March 5, 2018. The circuit court did not act on the GAL's supplemental report prior to Petitioner Aunt's April 4, 2018, appeal of the circuit court's March 5, 2018, order.

In Syllabus Points 1, 2, and 3 of *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995), we held:

> 1.      A court of limited appellate jurisdiction is obliged to examine its own power to hear a particular case. This Court's jurisdictional authority is either endowed by the West Virginia Constitution or conferred by the West Virginia Legislature. Therefore, this Court has a responsibility *sua sponte* to examine the basis of its own jurisdiction.

---

[2]Under the Title 19 waiver program, an in-home aide was provided for the child from four to seven days a week depending on the aide's schedule.

2.      Where neither party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking.

3.      Under [West Virginia Code §] 58-5-1 (1925), appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

On appeal, no party addresses the direction in the circuit court's March 5, 2018, order that Petitioner Aunt and Respondent Grandmother submit proposed visitation for the GAL to evaluate, after which the court noted that it would issue an order taking such information into account. Based on our review of the record, we find that the issue of Petitioner Aunt's visitation with the child was first raised at the January 23, 2017, hearing and was awarded at the March 7, 2017, hearing. At the January 10, 2018, hearing, Petitioner Aunt requested that the circuit court set a new visitation schedule and provide her "a lot more than the four hours" per week with the child. In directing the parties to submit proposed visitation schedules for the GAL to evaluate in a supplemental report, the circuit court stated that it was "look[ing] forward to see[ing] what's in the best interests for [the child]" and that they would "go from there." Therefore, we find that the circuit court's March 5, 2018, order leaves something more to be done in that the court still needs to decide the issue of Petitioner Aunt's continued visitation with the child. Because the March 5, 2018, order is not a final appealable order, we dismiss Petitioner Aunt's appeal for a lack of jurisdiction and remand this case to the circuit court for further proceedings.

Dismissed and Remanded.


**ISSUED**:   June 7, 2019


**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison