# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**FILED**

**December 20, 2019**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re* **Estate of J. Herman Isner**

**No. 18-0317** (Randolph County 13-C-10)

## MEMORANDUM DECISION

Petitioner Cleveland Biller, as trustee of the J. Herman Isner Revocable Trust ("revocable trustee") and trustee of the J. Herman and Doris F. Isner Charitable Trust ("charitable trust"), pro se, appeals the March 22, 2018, order of the Circuit Court of Randolph County granting (1) a motion for clarification of an August 1, 2017, order appointing the attorney R. Mike Mullens ("Attorney Mullens") as special commissioner; and (2) a motion to compel petitioner to provide an accounting of his actions as trustee.[1] Respondents Jefferson Lee Triplett and Patrick A. Nichols, co-executors of the Estate of J. Herman Isner (collectively "estate"), by counsel Joshua S. Rogers, filed a response in support of the circuit court's order. Petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal.[2] The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds that there is no final, appealable order in this case. For these reasons, a memorandum decision dismissing the appeal for a lack of jurisdiction and remanding the case to the circuit court for further proceedings is appropriate under Rule 21 of the Rules of Appellate Procedure.

J. Herman Isner ("the decedent") died on May 5, 2012, and left an estate worth approximately $5 million. During his lifetime, the decedent created a number of different trusts to pursue various "charitable endeavors," including the preservation of his approximately 250 acre farm as an example of West Virginia agriculture. However, the decedent funded only certain trusts, leaving others unfunded and "irrelevant." Consequently, the estate filed a declaratory judgment

---

[1]We note that the circuit court's order granting the motions was inadvertently entered onto the record a second time on March 26, 2018.

[2] By order entered April 27, 2018, we granted petitioner's motion to proceed on a designated record. However, petitioner failed to file his designation with the Circuit Clerk of Randolph County by the deadline set forth in our April 27, 2018, order. Pursuant to Rule 6(b) of the West Virginia Rules of Appellate Procedure, we supplement the appellate record to include the circuit court's August 1, 2017, order appointing Attorney Mullens as special commissioner, Attorney Mullens's December 12, 2017, motion for clarification of the August 1, 2017, order, and Attorney Mullens's December 12, 2017, motion to compel petitioner to provide an accounting of his actions as trustee.

1

action to determine the rights, duties, and powers of the trustees and beneficiaries of the several trusts. Petitioner participated in reaching a settlement of the action during a court-ordered mediation on July 2, 2013. The case was continued numerous times while the parties drafted an agreement to implement the settlement.

The settlement agreement provided, in pertinent part, that the terms of the charitable trust would be restated and a new trust document entitled "J. Herman and Doris F. Isner Amended and Restated Charitable Trust" ("restated charitable trust") would be implemented. The restated charitable trust noted that its purpose was to apply the property and income with which it is endowed "exclusively for charitable, religious, scientific, literary[,] or educational purposes," such as supporting the decedent's farm, which is another "nonprofit tax-exempt organization."

In May of 2015, petitioner fired his attorney. On June 17, 2015, a motion was filed to compel petitioner to execute the parties' settlement agreement. Following hearings on June 18, 2015, and August 5, 2015, the circuit court entered an order granting the motion to compel petitioner to execute the agreement. Petitioner appealed to this Court, which affirmed the circuit court's order. *See In re Estate of Isner* ("*Isner I*"), No. 15-0904, 2016 WL 5348353, at *4 (W.Va. Sept. 23, 2016) (memorandum decision), *cert. denied sub nom. Biller v. Triplett*, 137 S.Ct. 1434 (2017).

Despite being compelled by the circuit court, petitioner still refused to execute the settlement agreement. Ultimately, by order entered August 1, 2017, the court appointed Attorney Mullens as special commissioner to execute the agreement. The court further ordered that Attorney Mullens would have authority to ensure that the agreement was effectuated:

> The Court finds that, as [petitioner] is sole [t]rustee of the [revocable trust] and [the charitable trust], [Attorney] Mullens as special commissioner shall have full authority with respect to disposition of the funds and other assets of the [revocable trust] consistent with the aforementioned settlement. This includes, without limitation, authority for [Attorney] Mullens as special commissioner to do the following: (1) execute a deed from the [revocable trust] to the J. Herman Isner Trust (a.k.a. [f]arm [t]rust) as provided for in the Nonjudicial Settlement Agreement[;] (2) pay bequests and administrative expenses, including attorney's fees, of the [estate] with funds from the [revocable trust] as contemplated by Sections 5 and 9 of the Nonjudicial Settlement Agreement[;] and (3) transfer and/or pay assets and funds of the [revocable trust] to Citizens Bank of West Virginia as [t]rustee of the [r]estated [c]haritable [t]rust as the [r]estated [c]haritable [t]rust is the beneficiary of the [revocable trust]. [Attorney] Mullens as special commissioner is authorized and directed to execute any and all other writings that otherwise would have required [petitioner]'s signature and which are needed to effectuate the settlement contemplated by the Nonjudicial Settlement Agreement and the [r]estated [c]haritable [t]rust, including any and all documents that may be needed to accomplish transfers of shares of bank stock, as well as payments and/or transfers from bank accounts, investment accounts, and other assets of the [revocable trust] for payment of [estate] bequests, payment of [estate] administrative expenses, and

to transfer and/or pay such assets and funds to Citizens Bank of West Virginia as [t]rustee of the [r]estated [c]haritable [t]rust.

The circuit court further ordered that Attorney Mullens would "have subpoena and investigatory authority in serving in his role as special commissioner for purposes of ascertaining, locating, and transferring funds and other assets of the [revocable trust]." Finally, the court ordered that once Attorney Mullens has completed his services as special commissioner and transferred the assets of the revocable trust to the restated charitable trust, "he shall notify the [c]ourt in writing and this case shall *then* be removed from the [c]ourt's active docket." (emphasis added).[3]

On December 12, 2017, Attorney Mullens filed two motions. In the first motion, Attorney Mullens stated that two entities that held assets belonging to the revocable trust, Summit Community Bank ("Summit") and Carlton & Associations ("Carlton"), were reluctant to release the assets to him as special commissioner without clarification of Attorney Mullens's rights and duties under the August 1, 2017, order. Therefore, Attorney Mullens asked the circuit court to clarify that the August 1, 2017, order provided him with the authority to receive those assets as special commissioner. In the second motion, Attorney Mullens noted that he had investigatory authority under the August 1, 2017, order to locate assets belonging to the revocable trust and stated that petitioner attempted to access the revocable trust's funds in contravention of the parties' settlement agreement. Therefore, Attorney Mullens sought an accounting of petitioner's actions as trustee of the revocable trust and as trustee of the charitable trust, copies of monthly bank statements from Summit, and copies of all portfolio reports from Carlton. On January 9, 2018, petitioner filed a response to the motion for clarification of the August 1, 2017, order and filed a response to the motion for petitioner to provide an accounting on January 11, 2018.

By order entered March 22, 2018, the circuit court granted Attorney Mullens's motions. The court directed Summit and Carlton to comply with Attorney Mullens's request as special commissioner to transfer the assets they held belonging to the revocable trust to the restated charitable trust. The court further ordered that Attorney Mullens was entitled to an accounting and directed petitioner, Summit, and Carlton to each provide Attorney Mullens with monthly bank statements and account statements "for the time period of May [of] 2012 through present for any bank accounts and/or investment accounts of the [revocable trust]."

It is from the circuit court's March 22, 2018, order that petitioner now appeals. In Syllabus Points 1, 2, and 3 of *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995), we held:

---

[3]In *In re Estate of Isner* ("*Isner II*"), No. 17-0941, 2019 WL 856255, at \*1 (W.Va. Feb. 22, 2019) (memorandum decision), petitioner appealed a September 25, 2017, order, in which the circuit court denied petitioner's motion to disqualify Attorney Mullens as special commissioner due to an alleged conflict of interest. In *Isner II*, we noted that the proper method of challenging an order denying a motion to disqualify an attorney was to file a petition for a writ of prohibition against the circuit court. *Id.* at \*2 (citing Syl. Pt. 1, *State ex rel. Bluestone Coal Corp. v. Mazzone*, 226 W. Va. 148, 697 S.E.2d 740 (2010)). However, given petitioner's status as a pro se litigant and the circuit court's designation of its September 25, 2017, order as a final order, we considered the merits of petitioner's appeal. *Id.* We affirmed the September 25, 2017, order denying the motion to disqualify Attorney Mullens as special commissioner. *Id.* at \*3.

1.	A court of limited appellate jurisdiction is obliged to examine its own power to hear a particular case. This Court's jurisdictional authority is either endowed by the West Virginia Constitution or conferred by the West Virginia Legislature. Therefore, this Court has a responsibility *sua sponte* to examine the basis of its own jurisdiction.

2.	Where neither party to an appeal raises, briefs, or argues a jurisdictional question presented, this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case. Parties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking.

3.	Under [West Virginia Code §] 58-5-1 (1925), appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined.

On appeal, the parties do not address the finality of the March 22, 2018, order. However, pursuant to Syllabus Point 1 of *James M.B.*, we examine sua sponte whether the March 22, 2018, order is a final, appealable order. Based on our review of the record, we determine that the order is interlocutory in nature.

In seeking to compel petitioner to provide an accounting of petitioner's actions as trustee, Attorney Mullens noted that he had investigatory authority under the August 1, 2017, order to locate assets belonging to the revocable trust. Depending on the results of Attorney Mullens's investigation, Attorney Mullens may elect to seek further orders from the circuit court in aid of his authority as special commissioner. We find that the court foresaw such an eventuality in the August 1, 2017, order, in that it directed that the case remain on its active docket until Attorney Mullens provides it with written notification that his duties as special commissioner are completed. Based on our review of the docket sheet in this case, we find that Attorney Mullens has not filed such a written notification with the circuit court. Accordingly, we find that the March 22, 2018, order granting Attorney Mullens's motion for clarification and motion to compel is not a final, appealable order. Therefore, we dismiss petitioner's appeal for a lack of jurisdiction and remand this case to the circuit court for further proceedings.

Dismissed and Remanded.

**ISSUED:** December 20, 2019

**CONCURRED IN BY:**

Chief Justice Elizabeth D. Walker
Justice Margaret L. Workman
Justice Tim Armstead
Justice Evan H. Jenkins
Justice John A. Hutchison

4