STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

**FILED**

**May 15, 2026**

released at 3:00 p.m.
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Logan County Board of Education,**
**Defendant Below, Petitioner,**

**v.) No. 24-163** (Logan County CC-23-2023-C-10)

**Elizabeth Vestal,**
**Plaintiff Below, Respondent.**

**MEMORANDUM DECISION**

Petitioner Logan County Board of Education ("Board") appeals the February 6, 2024, order of the Circuit Court of Logan County denying its motions to dismiss a civil action filed by the respondent, Elizabeth Vestal, as untimely.[1] Ms. Vestal has alleged in her complaint that while she was a student at Logan High School, she was sexually harassed and sexually assaulted by the school's band teacher. In this appeal, the Board argues that it is statutorily immune from suit, and therefore, the circuit court erred by denying its motions.[2] Having carefully considered the parties' briefs and oral arguments, the submitted appendix record, and pertinent authorities, we find that the circuit court's order presents no adverse ruling predicated upon statutory immunity. Accordingly, we must dismiss this appeal due to its interlocutory nature, which precludes us from granting any relief because we lack jurisdiction. In this instance, a memorandum decision is appropriate pursuant to Rule 21(a) of the West Virginia Rules of Appellate Procedure.

Ms. Vestal filed her initial complaint on October 5, 2022, in the Circuit Court of Kanawha County. In her amended complaint, which was filed the next day, Ms. Vestal alleges that the school's band teacher began sexually harassing her in 2003 when she was a sophomore and that his sexually abusive behavior escalated to sexual assault by the time she was a senior and continued through the summer of 2005. As to the Board, Ms. Vestal alleges that she was under the band teacher's care, custody, and control when the alleged conduct occurred; that he was acting as an agent, representative, and employee of the Board when he committed the acts and omissions alleged in the complaint; and that the Board is liable for her injuries caused by the band teacher in

---

[1] The Board is represented by Evan S. Olds, Esq. and Duane J. Ruggier II, Esq. Joshua D. Miller, Esq., Teresa C. Toriseva, Esq., and Andrew A. Carpenter, Esq., appear on behalf of Ms. Vestal.

[2] Although the band teacher is also named as a defendant in the complaint, he is a not a party in this appeal.

1

the course and scope of his employment. Ms. Vestal also asserts four separate negligence claims against the Board. The complaint was served on the Board on October 11, 2022.

On October 24, 2022, the Board filed a "Motion to Dismiss or Transfer Venue," arguing that dismissal was appropriate under Rule 12(b)(3) of the West Virginia Rules of Civil Procedure for improper venue because all alleged events occurred in Logan County. On November 9, 2022, the circuit court entered an order setting a briefing schedule for the Board's motion. A week later, the Board filed "Defendant's Motion to Dismiss Claim for Punitive Damages" and a memorandum of law in support of the motion. Then, the Board filed an "Amended Motion to Dismiss," on November 17, 2022, seeking dismissal "under Rule 12(b)(6) [of the West Virginia Rules of Civil Procedure] . . . on grounds of immunity, failure to state a claim, statute of limitations, constitutional grounds, and judicial estoppel." Finally, on December 1, 2022, the Board filed a "Renewed Motion to Dismiss or Transfer Venue."

Following a hearing, the Circuit Court of Kanawha County transferred the case to the Circuit Court of Logan County by order entered on January 24, 2023. The Board filed its answer to the complaint and asserted various defenses on February 28, 2023. According to the circuit court's February 6, 2024, order that is the subject of this appeal, the parties appeared for a hearing on May 22, 2023, "on the Defendants' Motions to Dismiss."[3] In denying the Board's motions to dismiss, the order concludes that the Board's first motion to dismiss asserting improper venue was timely filed, but:

> [N]one of [the Board's] three subsequent Motions to Dismiss were timely filed, and none were filed with leave of Court.
>
> [The Board's] failure to timely file its three subsequent Motions to Dismiss, or seek leave of the Court to do so, means those motions were untimely.

The order rejects the Board's assertion that the three separate motions to dismiss filed after its initial motion to dismiss based on lack of venue were amendments to the initial motion and again concludes that those three subsequent motions were untimely and "therefore, the same are DENIED."

In this appeal, the Board argues that the circuit court erred by not granting its motions to dismiss pursuant to the Governmental Tort Claims and Insurance Reform Act, West Virginia Code §§ 29-12A-1 to –18 ("Act"), which confers certain immunities and limitations on the liability of political subdivisions, like the Board, and their employees. Generally, our jurisdiction is limited to review of final judgments. *See* Syl. Pt. 3, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995) ("Under W. Va. Code, 58-5-1 (1925), appeals only may be taken from final decisions of a circuit court. A case is final only when it terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined."). An exception exists, however, where a motion to dismiss is denied based upon the Act. In that regard, this Court has held:

---

[3] A transcript of this hearing was not included in the appendix record.

> Under Rule 12 of the West Virginia Rules of Civil Procedure, a circuit court's denial of a motion to dismiss a complaint that is predicated on the statutory immunity conferred by the Governmental Tort Claims and Insurance Reform Act is an interlocutory ruling that is subject to immediate appeal under the "collateral order" doctrine.

Syl. Pt. 5, *State ex rel. Grant Cnty. Comm'n v. Nelson*, 244 W. Va. 649, 856 S.E.2d 608 (2021). The Board argues that this exception provides us with jurisdiction to consider its appeal. We disagree.

The circuit court's February 6, 2024, order does not indicate that the Board's motions to dismiss were denied based upon any determination as to the applicability of the Act. Relying upon *W. Va. State Police, Dep't of Mil. Affs. and Pub. Safety v. J.H.*, 244 W. Va. 720, 856 S.E.2d 679 (2021), the Board argues that the circuit court's failure to rule upon its claim of statutory immunity constitutes an effective denial thereby making the circuit court's order immediately reviewable by this Court. The Board's reliance upon *J.H.* is misplaced though because the circuit court in that case expressly ruled that it was deferring determining the applicability of immunity to allow discovery on the issue. This Court concluded in *J.H.* that the deferral equated to a denial of the protection of immunity, which made the order subject to immediate appeal. *Id.*, 244 W. Va. at 731, 856 S.E.2d at 690. That is not the circumstance we have here.

In this case, the "order presents no adverse ruling or 'error' predicated upon immunity," so we lack jurisdiction to grant any relief. *Kanawha Co. Bd. of Educ. v. S.D. by and through J.D.*, 249 W. Va. 401, 407, 895 S.E.2d 485, 491 (2023). As this Court explained in *S.D.*, such orders "merely reflect[] that the circuit court did not rule on any immunity issues, 'since, [i]t is a paramount principle of jurisprudence that a court only speaks through it orders.'" *Id.*, (quoting *Legg v. Felinton*, 219 W. Va. 478, 483, 637 SE.2d 576, 581 (2006)). The order here indicates that the circuit court never considered the Board's motions on their merits as they were deemed "untimely filed." Absent an order reflecting a denial of the Board's motions predicated on the statutory immunity conferred by the Act, we lack jurisdiction to grant relief.[4] Accordingly, the

---

[4] In its brief, the Board also argues that this Court should grant a writ of prohibition and prohibit the circuit court from enforcing its February 6, 2024, order based on a finding that Ms. Vestal's claims are time-barred. However, the circuit court never ruled upon the Board's contention that the complaint is barred by the applicable statute of limitations. Moreover, this case was docketed as an appeal, and the Board has not complied with Rule 16 of the Rules of Appellate Procedure, which "governs all cases seeking a writ of . . . prohibition." While "[w]e have previously converted a direct appeal to a petition for a writ of prohibition," we decline to do so, here, given the lack of a ruling from the circuit court. *See State ex rel. W. Va. Univ. Hosps., Inc. v. Gaujot*, 248 W. Va. 11, 17, 886 S.E.2d 346, 352 (2023) (converting direct appeal to petition for writ of prohibition where the Court had "a suitable order for review with sufficient findings of fact and conclusions of law").

appeal must be dismissed.

Dismissed.

**ISSUED:** May 15, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

Wooton, Justice, concurring:

I write separately to emphasize that, because of the operation of Rule 12(g) of the West Virginia Rules of Civil Procedure (2025), the circuit court properly refused to consider three of the Board's four motions.

As the majority decision relates, soon after the plaintiff filed her complaint(s), the Board filed four separate motions under Rule 12 of the Rules of Civil Procedure: (1) on October 24, 2022, it filed a Rule 12(b)(3) motion asserting Kanawha County was an improper venue, for which the circuit court set a briefing schedule; then, (2) a motion to dismiss under Rule 12(b)(6) on November 17th; (3) an amended Rule 12(b)(6) motion to dismiss on November 21st; and (4) a renewed Rule 12(b)(3) motion asserting improper venue on December 5th. The Circuit Court of Kanawha County considered only the first motion and properly transferred venue of the dispute to Logan County. The Circuit Court of Logan County then refused to consider the substance or merits of the second, third, and fourth motions, leading to this appeal by the Board.

Our Rules of Civil Procedure are clear that only the Board's first Rule 12 motion was open for consideration by the circuit court; Rule 12(g)(2) required the court to reject any subsequent motion.

As any lawyer knows, Rule 12 is the guide for a defendant to either file an answer, or make a motion before filing an answer, interposing certain defenses and objections to a plaintiff's claims. If a defendant chooses to file a motion instead of an answer, Rule 12(g)(1) permits the defendant to join multiple defenses and objections arising under Rule 12 together into one motion. However, Rule 12(g)(2) allows one – and *only one* – such motion:

> (2) *Limitation on Further Motions.* . . . [A] party that makes a motion under this rule shall not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.

4

The goal behind Rule 12(g) is twofold: to compel a defendant to present the trial court with all Rule 12 defenses and objections consolidated into a single, omnibus motion rather than in a serial, piecemeal fashion; and to prevent a defendant from filing successive motions designed to delay the early stages of litigation or to harass an opponent. As Wright and Miller state in their treatise about Rule 12(g),

> Simply stated, the objective of the consolidation rule is to eliminate unnecessary delay at the pleading stage. Subdivision (g) contemplates the presentation of an omnibus pre-answer motion in which the defendant advances every available Rule 12 defense and objection he may have that is assertable by motion. The defendant cannot delay the filing of a responsive pleading by interposing these defenses and objections in piecemeal fashion but must present them simultaneously.

Arthur R. Miller, A. Benjamin Spencer, 5C Federal Practice and Procedure (Wright & Miller) § 1384 (2026) (discussing the comparable Rule 12(g) of the Federal Rules of Civil Procedure). Rule 12(h) reinforces Rule 12(g)(2), providing that a party waives a Rule 12 defense by "omitting it from a motion in the circumstances described in Rule 12(g)(2)." W. Va. R. Civ. Pro. Rule 12(h)(1)(A).

The Board in this case did precisely what Rule 12(g) prohibits: it filed piecemeal motions under Rule 12 seriatim, four separate motions one after another. The Circuit Court of Kanawha County properly granted the first motion, removed the case from its docket and sent it to Logan County. The Circuit Court of Logan County correctly found the Board had no right, and the court had no authority, to consider the Board's second, third, or fourth Rule 12 motions.

With that said, I respectfully concur.