# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Allen E. Tackett,**
**Petitioner Below, Petitioner**

**FILED**

**November 17, 2017**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs)  No.  16-0963** (Kanawha County 14-AA-93)

**West Virginia Consolidated Public Retirement Board,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Allen E. Tackett, a former member of the West Virginia Army National Guard and a former state employee, by counsel Ray Shepard, appeals the September 16, 2016, order of the Circuit Court of Kanawha County that calculated his active military service credit for his Public Employees Retirement System ("PERS") benefits, but failed to rule on his motion for attorney's fees. Respondent West Virginia Consolidated Public Retirement Board ("the Board"), by counsel Ronda L. Harvey, filed a response. Petitioner filed a reply.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court finds no substantial question of law and no prejudicial error with regard to the manner in which the circuit court calculated petitioner's active military service credit for his PERS benefits. Therefore, a memorandum decision affirming that portion of the September 16, 2016, order regarding the calculation of petitioner's active military service credit is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was employed full-time in the private sector from 1963 until 1995. Additionally, in January of 1963, petitioner joined the West Virginia Army National Guard ("National Guard").  Petitioner served six months of active military duty training during a period of armed conflict from February 8, 1963, through August 8, 1963. Thereafter and throughout petitioner's thirty-two years of private sector employment, he remained a member of the National Guard and served approximately 848 days of active military service.

In September of 1995, petitioner became the Adjutant General of the West Virginia National Guard and, as such, a State employee covered by PERS. Prior to retiring from the Adjutant General position on February 1, 2011, petitioner applied for retirement benefits and active military service credit under West Virginia Code § 5-10-15[1] for his military service prior

---

[1] Petitioner retired in 2011, and the calculation of his active military service credit is governed by the 2005 version of West Virginia Code § 5-10-15. *See* Acts of the Legislature, (continued . . .)

1

to September 1995. West Virginia Code § 5-10-15 mandates military service credit for any member of PERS who "enters the active service of the armed forces of the United States during any period of . . . armed conflict" when the member is honorably discharged and submits appropriate documentation.

On September 30, 2011, the Board entered an order giving petitioner six-months of active military service credit for his service in 1963, and the opportunity to establish additional periods of active military service pursuant to Title 10 of the United States Code. However, the Board found that petitioner's National Guard service, performed pursuant to Title 32 of the United State Code, did not constitute active military service entitled to retirement credit. Petitioner appealed the Board's September 30, 2011, decision to the circuit court, which reversed the Board and found that petitioner's National Guard service, performed pursuant to Title 32, did constitute active military service for purposes of calculating retirement benefits. The circuit court remanded the case to the Board with instructions to determine which of petitioner's additional periods of active military service were entitled to credit. The Board did not appeal the circuit court's order.

By letter dated February 18, 2013, the Board credited petitioner with twelve additional months of Title 32 active military service. In the letter, the Board noted that the active military service credit rules are spelled out in West Virginia Code § 5-10-14 and West Virginia Code of State Rules § 162-5-4, and require that a member be in service for one-half or more of a calendar month in order to receive PERS credit for that particular calendar month. The Board further concluded that to serve "one-half or more of a calendar month," petitioner would have to have served fifteen days or more of active military service to receive one month of active military service credit (the "fifteen-day standard").

Petitioner promptly protested the Board's use of the fifteen-day standard by citing to West Virginia Code § 5-10-14(a)(l), which provides that "[i]n no event may less than ten days of service rendered by a member in any calendar month be credited as a month of service" (the "ten-day standard"). Petitioner also argued that the fifteen-day standard was inconsistent with West Virginia Code § 5-10-15(a)(1), which mandates that military members receive credited service "for any time served in active duty in the armed forces of the United States"; and West Virginia Code § 5-10-15(a)(2), which provides that military members "shall receive credited service for the time spent in the Armed Forces of the United States, not to exceed five years."

By letter dated April 15, 2013, the Board acknowledged the ten-day standard found in West Virginia Code § 5-10-14(a)(l), but affirmed its application of a fifteen-day standard on the ground that the ten-day standard "simply sets the minimum amount of service the Board can require before crediting a month of service." The Board further found that it "requires more than ten (10) days of service for a PERS member to receive credit for a particular calendar month when the ten (10) days does not constitute half of a calendar month."

2005, c. 201. West Virginia Code § 5-10-15 was amended in 2015; however, the amendment of that section does not affect the outcome of this case. *See* Acts of the Legislature, 2015, c. 204.

On September 11, 2013, the hearing examiner stayed the case pending a decision in *West Virginia Consolidated Public Retirement Board v. Wood*, 233 W.Va. 222, 757 S.E.2d 752 (2014). This Court issued *Wood* on March 28, 2014. In Syllabus Point 9 of that case, the Court found that

> [t]he phrase "period of armed conflict" as utilized in West Virginia Code § 5-10-15(b)(1) (2013), is not limited to the military engagements specifically identified in the statute but also includes other periods of armed conflict in which the United States has engaged, as the credible evidence presented in each individual case may dictate.

By letter dated May 30, 2014, the Board notified petitioner that, under *Wood*, he was entitled to one additional month of active military service credit, for a total of nineteen months of service credit.

Thereafter, in a July 22, 2014, recommended decision, the hearing examiner found that the Board's fifteen-day standard was clearly erroneous, and that the ten-day standard should have been used to calculate petitioner's active military service credit. On August 13, 2014, the Board adopted the hearing examiner's recommended decision. Applying the ten-day standard, the Board awarded petitioner an additional nine months of active military service credit, for a total of twenty-eight months of service credit.

Petitioner appealed the Board's decision to the circuit court. However, on October 19, 2015, before the circuit court ruled on petitioner's appeal, the Board awarded petitioner an additional eight months of active military service credit, bringing his total to thirty-six months of service credit. On appeal, petitioner challenged the Board's method of calculating active military service credit. Petitioner also sought an award of attorney's fees for those fees he had incurred in compelling the Board to award him service credit.

By order entered September 16, 2016, the circuit court affirmed the Board's calculation of petitioner's active military service credit. Among its many findings, the circuit court found that,

> Petitioner asserted that he should receive military service credit for each calendar month in which he had ten or more days of inactive and/or active duty military service, claiming that pursuant to W. Va. Code § 5-10-14(a)(l), a calendar month must be credited if an individual has 10 or more days of service in the month.

With regard to petitioner's request for attorney's fees, the circuit court did not rule on that request, and instead, encouraged the parties to attempt to resolve that issue on their own, as follows:

> Petitioner bases his claim [for attorney's fees] on authority applicable to mandamus actions. Petitioner brought his challenge to the Board's decision as an administrative appeal, not a mandamus action; therefore, this authority is inapplicable. Petitioner cites no authority for the award of attorneys' fees in the

3

context of an administrative appeal pursuant to the State Administrative Procedures Act, W.Va. Code § 29A-5-4. Although [p]etitioner has not prevailed in the instant appeal, the Court notes that [p]etitioner did prevail in his first appeal, and the Court does not recall if attorney fees were requested then, or whether the parties resolved the issue without court intervention. Thus, *the [c]ourt will hold a ruling on the same in abeyance and directs the parties to meet and confer and attempt to resolve this issue.* If the fee issue is not resolved, the parties may request court intervention.

(Emphasis added.)

Petitioner now appeals the circuit court's September 16, 2016, order. "'On appeal of an administrative order from a circuit court, this Court is bound by the statutory standards contained in W.Va. Code § 29A–5–4 and reviews questions of law presented *de novo*; findings of fact by the administrative officer are accorded deference unless the reviewing court believes the findings to be clearly wrong.' Syl. Pt. 1, *Muscatell v. Cline*, 196 W.Va. 588, 474 S.E.2d 518 (1996)." Syl. Pt. 1, *Myers v. W. Virginia Consol. Pub. Ret. Bd.*, 226 W.Va. 738, 704 S.E.2d 738 (2010). Moreover, "[w]here the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W.Va. 138, 459 S.E.2d 415 (1995)." *Jones v. W. Virginia Pub. Employees Ret. Sys.*, 235 W.Va. 602, 775 S.E.2d 483, 487 (2015).

Petitioner raises two assignments of error on appeal. Petitioner first argues that the Board erred in using the ten-day standard to calculate his active military service credit. Petitioner claims he never asked the Board or the circuit court to calculate his active military service credit using the ten-day standard. Petitioner also claims that both the ten-day and the fifteen day standard violate West Virginia Code § 5-10-15(a)(1), because they fail to provide military members with credited service "for any time served in active duty in the armed forces of the United States." Petitioner maintains he will receive all service credit due for "any time served" only if his active military service is calculated on an hourly basis.

The record on appeal establishes that when petitioner retired, no applicable PERS statute or regulation mandated a method for calculating active military service credit. Moreover, the parties agree that neither West Virginia Code § 5-10-15 nor West Virginia Code of State Rules § 162-5-20 (2011) specify how active military service credit should be calculated; therefore, the method chosen by the Board cannot be contrary to law. Further, the Board's method "is entitled to great weight, and will not be disregarded or overthrown unless it is clear that such construction is erroneous." Syl. Pt. 3, *W.Va. Consol. Pub. Ret. Bd. v. Wood*, 233 W.Va. 222, 757 S.E.2d 752 (2014) (quoting Syl. Pt. 7, *Evans v. Hutchinson,* 158 W.Va. 359, 214 S.E.2d 453 (1975)). In addition, West Virginia Code § 5-10-15(a)(6) provides that, "In any case of doubt as to the period of service to be credited a member under the provisions of this section, the [Board has] final power to determine the period."

In the order on appeal, the circuit court found that the Board's use of the ten-day standard in this case was "a reasonable adaptation of the law expressly applicable to other circumstances" in the absence of an express rule for active military service credit, and that this "reasonable

4

adaptation" was entitled to deference. Accordingly, the circuit court concluded that the Board's use of the ten-day standard to calculate petitioner's active military service credit did not violate W.Va. Code § 5-10-15. We agree and find that the circuit court did not err in affirming the Board's calculation of petitioner's active military service credit under the ten-day standard.

Petitioner's second argument is that the circuit court erred in failing to rule on his motion for attorney's fees. Under West Virginia Code, § 58-5-1 (1925), only final decisions of a circuit court are appealable. A final decision is one that "terminates the litigation between the parties on the merits of the case and leaves nothing to be done but to enforce by execution what has been determined." Syl. Pt. 3, *James M.B. v. Carolyn M.*, 193 W.Va. 289, 456 S.E.2d 16 (1995). Hence, because the circuit court had not finally decided the attorney fee question, we remand that question to the circuit court.

For the foregoing reasons, we affirm the circuit court's September 16, 2016, order as it regards the Board's method in calculating petitioner's active military service credit. However, we remand the case to the circuit court for prompt resolution of petitioner's request for attorney's fees.

Affirmed.

**ISSUED:** November 17, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

**DISSENTING:**

Justice Robin Jean Davis