# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Michael Ellis,**
**Plaintiff Below, Petitioner**

**vs.)**   **No. 19-0908** (Kanawha County 17-C-190)

**West Virginia Human Rights Commission,**
**Defendant Below, Respondent**

**FILED**
**November 4, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Michael Ellis, self-represented litigant, appeals the September 20, 2017, order of the Circuit Court of Kanawha County granting Respondent West Virginia Human Rights Commission's ("HRC") motion to dismiss petitioner's civil action and the circuit court's September 6, 2019, order denying petitioner's motion to alter or amend the September 20, 2017, order. The HRC, by counsel Carrie A. Dysart and Michael E. Mullins, filed a response.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner was terminated from his employment with the Kanawha County Public Library on July 2, 2013. Since petitioner's termination, he has filed various civil actions not only against the library, but also against the judicial and administrative offices charged with administrating and/or adjudicating his claims.[1]

---

[1] In *Ellis v. Kanawha County Public Library Board*, No. 14-0418, 2014 WL 6607886 (W. Va. November 21, 2014) (memorandum decision), petitioner alleged that the library violated the West Virginia Wage Payment and Collection Act ("WPCA"), West Virginia Code §§ 21-5-1 through 21-518. *Id.* at *1. In *Ellis v. Kanawha County Public Library*, No. 15-0574, 2016 WL

1

In the instant action, petitioner filed a complaint on February 9, 2017, asserting that the HRC's dismissal of his discrimination complaint against the library was "fraudulent." Petitioner states that he sought monetary damages from the HRC up to the limits of its insurance coverage.[2]

On March 30, 2017, the HRC filed a motion to dismiss the complaint, arguing that it was immune from petitioner's action pursuant to Article VI, Section 35 of the West Virginia Constitution.[3] On April 5, 2017, petitioner filed a response to the motion to dismiss. By order entered on September 20, 2017, the circuit court dismissed petitioner's complaint.[4] On September 29, 2017, petitioner filed a motion to alter or amend the September 20, 2017, order pursuant to Rule 59(e) of the West Virginia Rules of Civil Procedure. By order entered on September 6, 2019, the circuit court denied the motion.

Petitioner now appeals the circuit court's September 20, 2017, and September 6, 2019, orders.[5] We have held that the standard of review for a Rule 59(e) motion to alter or amend a

_____

363563 (W. Va. January 29, 2016) (memorandum decision), petitioner asserted an additional WPCA claim found to be barred by the doctrine of res judicata and a claim of intentional infliction of emotional distress, based upon the manner in which the library defended against his prior WPCA action, which was found to be barred by the litigation privilege. *Id.* at *1-2. In *Ellis v. Office of Kanawha County Circuit Clerk*, No. 18-0612, 2019 WL 6998679 (W. Va. December 20, 2019) (memorandum decision), this Court affirmed the award of summary judgment to the Office of Kanawha County Circuit Clerk on petitioner's claim that there was intentional mishandling of the complaint against the HRC in the case currently being appealed. *Id.* at *2-3.

[2] We note that petitioner failed to include that February 9, 2017, complaint in the record he submitted to the Court with his petition for appeal.

[3] As we noted in *State ex rel. Ladanye v. West Virginia Legislative Claims Commission*, 242 W. Va. 420, 836 S.E.2d 71 (2019), "[o]ur State constitution provides sovereign immunity protections and does not allow for suits to be brought against the State." *Id.* at __, 836 S.E.2d at 76-77 (citing W. Va. Const. art. VI, § 35). The HRC is an instrumentality of the State pursuant to the West Virginia Human Rights Act, West Virginia Code §§ 5-11-1 through 5-11-20.

[4] To the extent that the circuit court ruled on other grounds raised by the HRC for the dismissal of petitioner's civil action, we address only the issue of sovereign immunity because we find that it constitutes a sufficient basis on which to affirm the dismissal of the instant action as the appellate record does not establish that petitioner limited his request for monetary damages to the extent of the HRC's insurance coverage. *See* Syl. Pt. 2, *Pittsburgh Elevator v. W.Va. Board of Regents,* 172 W. Va. 743, 310 S.E.2d 675 (1983) (holding that "[s]uits which seek no recovery from state funds, but rather allege that recovery is sought under and up to the limits of the State's liability insurance coverage, fall outside the traditional constitutional bar to suits against the State").

[5] We note that a timely-filed motion to alter or amend judgment "suspends the finality of

2

judgment "is the same standard that would apply to the underlying judgment upon which the motion is based and from which the appeal to this Court is filed." Syl. Pt. 1, *Wickland v. Am. Travellers Life In. Co.*, 204 W. Va. 430, 513 S.E.2d 657 (1998). "Appellate review of a circuit court's order granting a motion to dismiss a complaint is *de novo*." Syl. Pt. 2, *State ex rel. McGraw v. Scott Runyan Pontiac-Buick, Inc.*, 194 W.Va. 770, 461 S.E.2d 516 (1995). "On an appeal to this Court[,] the appellant bears the burden of showing that there was error in the proceedings below resulting in the judgment of which he complains, all presumptions being in favor of the correctness of the proceedings and judgment in and of the trial court." Syl. Pt. 1, *White v. Haines*, 215 W. Va. 698, 601 S.E.2d 18 (2004) (quoting Syl. Pt. 2, *Perdue v. Coiner*, 156 W. Va. 467, 194 S.E.2d 657 (1973)).

On appeal, petitioner argues that the circuit court erred in dismissing his instant civil action because the HRC has insurance coverage.[6] The HRC counters that the circuit court properly dismissed the action because it was immune pursuant to Article VI, Section 35 of the West Virginia Constitution. We agree with the HRC.

In Syllabus Points 1, 2, 3, and 6 of *Parkulo v. West Virginia Bd. of Probation and Parole*, 199 W. Va. 161, 483 S.E.2d 507 (1996), we held:

> "Suits which seek no recovery from state funds, but rather allege that recovery is sought under and up to the limits of the State's liability insurance coverage, fall outside the traditional constitutional bar to suits against the State." Syl. pt. 2, *Pittsburgh Elevator v. W.Va. Board of Regents*, 172 W.Va. 743, 310 S.E.2d 675 (1983).

> "W.Va. Code, 29-12-5(a) (1986), provides an exception for the State's constitutional immunity found in Section 35 of Article VI of the West Virginia Constitution. It requires the State Board of Risk and Insurance Management to purchase or contract for insurance and requires that such insurance policy 'shall provide that the insurer shall be barred and estopped from relying upon the constitutional immunity of the State of West Virginia against claims or suits.'" Syl. pt. 1, *Eggleston v. W.Va. Dept. of Highways*, 189 W.Va. 230, 429 S.E.2d 636 (1993).

---

the judgment and makes the judgment unripe for appeal" until such time that the motion is resolved. Syl. Pt. 7, in part, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995).

[6]Petitioner further argues that The Honorable Jennifer F. Bailey was prejudiced against him. Despite this claim, we note that petitioner did not file a motion for the judge's disqualification pursuant to Rule 17.01 of the West Virginia Trial Court Rules. Therefore, we decline to address this issue on appeal. *See Watts v. Ballard*, 238 W. Va. 730, 735 n.7, 798 S.E.2d 856, 861 n.7 (2017) (stating that "[t]his Court will not pass on a nonjurisdictional question which has not been decided by the trial court in the first instance") (quoting Syl. Pt. 2, *Sands v. Sec. Trust Co.*, 143 W. Va. 522, 102 S.E.2d 733 (1958)).

In the future, this Court will not review suits against the State brought under the authority of W.Va. Code § 29-12-5 unless it is alleged that the recovery sought is limited to the applicable insurance coverage and the scope of the coverage and its exceptions are apparent from the record.

. . . .

Unless the applicable insurance policy otherwise expressly provides, a State agency or instrumentality, as an entity, is immune under common-law principles from tort liability in W.Va. Code § 29-12-5 actions for acts or omissions in the exercise of a legislative or judicial function and for the exercise of an administrative function involving the determination of fundamental governmental policy.[7]

(Footnote added).

Here, petitioner argues that Article VI, Section 35 of the West Virginia Constitution does not bar the civil action because his complaint sought monetary damages only up to the limits of the HRC's insurance coverage. The HRC counters that petitioner failed to limit his request for monetary damages to the extent of the HRC's coverage.

We decline to address petitioner's argument that he properly limited his requested relief because he did not include the underlying complaint in the appellate record. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure provides, in pertinent part, that petitioner's "argument must contain appropriate and specific citations to the record on appeal, including citations that pinpoint when and how the issues in the assignments of error were presented to the lower tribunal," and that "[t]he Court may disregard errors that are not adequately supported by specific references to the record on appeal." In *State v. Honaker*, 193 W. Va. 51, 56 n.4, 454 S.E.2d 96, 101 n.4 (1994), we stated that we must "take as non[-]existing all facts that do not appear in the [appellate] record and will ignore those issues where the missing record is needed to give factual support to the claim."

Similarly, the record contains no information with regard to "the scope of the [HRC's]

---

[7]West Virginia Code § 29-12-5(a)(4) provides, in pertinent part, that:

[a]ny policy of insurance purchased or contracted for by the [West Virginia Board of Risk and Insurance Management] shall provide that the insurer shall be barred and estopped from relying upon the constitutional immunity of the State of West Virginia against claims or suits: *Provided*, That nothing herein shall bar a state agency or state instrumentality from relying on the constitutional immunity granted the State of West Virginia against claims or suits arising from or out of any state property, activity or responsibility not covered by a policy or policies of insurance[.]

(Emphasis in original).

coverage and its exceptions." *Parkulo*, 199 W. Va. at 163, 483 S.E.2d at 509, syl. pt. 3. Therefore, in light of Syllabus Point 3 of *Parkulo*, we conclude that petitioner fails to show that the circuit court erred in dismissing his action against the HRC pursuant to the sovereign immunity set forth in Article VI, Section 35 of the West Virginia Constitution. *See also id.* at 175, 483 S.E.2d at 521 (stating that "[w]e require that the record in such actions reflect both the pleading of that limitation on recovery and the scope of such insurance coverage and the contractual exceptions applicable to each such case").

For the foregoing reasons, we affirm the circuit court's September 20, 2017, order dismissing petitioner's civil action and the court's September 6, 2019, order denying his motion to altern or amend the judgment.

Affirmed.

**ISSUED:** November 4, 2020

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison