# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Aron Freeland,**
**Petitioner Below, Petitioner**

**vs.)  No. 21-0909** (Kanawha County 20-P-373)

**William K. Marshall, III, Commissioner, West Virginia**
**Division of Corrections and Rehabilitation[1]**
**Respondent Below, Respondent**

# MEMORANDUM DECISION

Petitioner Aron Freeland appeals the September 3, 2021, order of the Circuit Court of Kanawha County denying his petition for a writ of mandamus.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision dismissing petitioner's appeal without prejudice and remanding this case, so that the circuit court can rule on his motion to alter or amend its September 3, 2021, order, is appropriate. *See* W. Va. R. App. P. 21.

Petitioner, an incarcerated person in respondent's custody, made a request—pursuant to the West Virginia Freedom of Information Act ("FOIA"), West Virginia Code §§ 29B-1-1 to -7—to view records in the possession of the Circuit Clerk of Kanawha County ("circuit clerk") regarding a civil action between a member of the West Virginia House of Delegates and the Governor of West Virginia. The circuit clerk responded to petitioner's request by informing him that he could inspect those records at the circuit clerk's office during normal business hours.

---

[1]Since the filing of petitioner's appeal, the Commissioner of the West Virginia Division of Corrections and Rehabilitation has changed, and the Commissioner is now William K. Marshall, III. The Court has made the necessary substitution of the respondent in this appeal pursuant to Rule 41(c) of the West Virginia Rules of Appellate Procedure.

[2]Petitioner is self-represented. Respondent appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Jodi Tyler.

Because he could not travel to the circuit clerk's office due to his incarceration, petitioner filed a petition for a writ of mandamus in the Circuit Court of Kanawha County to compel respondent to transport him to the circuit clerk's office. Respondent filed a response to the petition. Respondent argued that petitioner did not have a clear right—and respondent did not have a duty—to be transported so that he could review records pursuant to FOIA. The circuit court, by order entered on September 3, 2021, denied petitioner's petition.[3]

On September 15, 2021, petitioner filed a motion to alter or amend the September 3, 2021, order. Petitioner filed many other motions during September of 2021. The circuit court, by order entered on September 27, 2021, dismissed several of petitioner's motions as moot[4] but did not rule on his motion to alter or amend the September 3, 2021, order.

Petitioner now appeals the circuit court's September 3, 2021, order denying his petition for a writ of mandamus. Rule 71B of the West Virginia Rules of Civil Procedure provides that "[t]he . . . . Rules of Civil Procedure govern the procedure for the application for, and issuance of, extraordinary writs [in the circuit court]." *See also* Syl. Pt. 1, *West Virginia Lottery v. A-1 Amusement, Inc.*, 240 W. Va. 89, 807 S.E.2d 760 (2017) (relying upon Rule 71B to hold that the proper procedure for seeking mandamus relief against the state is to file a complaint in the circuit court). Rule 59(e) of the West Virginia Rules of Civil Procedure provides that a "motion to alter or amend the judgment shall be filed not later than 10 days after entry of the judgment." A timely-filed motion to alter or amend judgment "suspends the finality of the judgment and makes the judgment unripe for appeal." Syl. Pt. 7, in part, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995). In *James M.B.*, we found that, with rare exceptions not pertinent here, "appeals only may be taken from final decisions of a circuit court," and that this "'finality rule' is mandatory and jurisdictional." *Id.* at 292, 456 S.E.2d at 19; *see also McGraw v. American Tobacco Co.*, 224 W. Va. 211, 219-20, 681 S.E.2d 96, 104-05 (2009).

In Syllabus Point 2 of *James M.B.*, we held that "this Court has the inherent power and duty to determine unilaterally its authority to hear a particular case" and that "[p]arties cannot confer jurisdiction on this Court directly or indirectly where it is otherwise lacking." 193 W.Va. at 291, 456 S.E.2d at 18. Upon our review of the record herein, we find that petitioner's Rule 59(e) motion was timely filed on September 15, 2021,[5] and that the circuit court has yet to rule on it. We

---

[3]As partial relief, the circuit court directed the circuit clerk to send petitioner a copy of the docket sheet in the civil action between the member of the West Virginia House of Delegates and the Governor of West Virginia so that petitioner could request copies of specific documents from that action, at $1 per page, pursuant to West Virginia Code § 59-1-11(b)(2) (setting the fee).

[4]In its September 27, 2021, order, the circuit court dismissed the following motions as moot: (1) a motion for work release; (2) a motion for a status hearing; (3) a motion to transfer petitioner's motion for work release to the Circuit Court of Monongalia County; and (4) a motion to compel respondent to respond to discovery requests.

[5]Rule 6(a) of the West Virginia Civil Procedure provides, in pertinent part, that, "[i]n (continued . . .)

conclude that the finality of the circuit court's September 3, 2021, order is currently suspended, making it unripe for appeal. Therefore, this Court lacks jurisdiction to consider the merits of the appeal. Accordingly, we dismiss petitioner's appeal without prejudice and remand this case so that the circuit court can rule on his motion to alter or amend its September 3, 2021, order.

Dismissed, without prejudice, and Remanded.

**ISSUED**: February 7, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

computing any period of time prescribed or allowed by these rules . . . , the day of the act, event, or default from which the designated period of time begins to run shall not be included" and that, "[w]hen the period of time prescribed or allowed is fewer than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation."