# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**RALEIGH GENERAL HOSPITAL, LLC,**
**Respondent Below, Petitioner**

**FILED**
**February 8, 2024**
C. CASEY FORBES, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 23-ICA-138     (CON File No. 22-1-12444-H)**

**APPALACHIAN REGIONAL HEALTHCARE, INC. d/b/a BECKLEY ARH HOSPITAL,**
**Applicant Below, Respondent**

**and**

**WEST VIRGINIA HEALTH CARE AUTHORITY,**
**Respondent**

## MEMORANDUM DECISION

Petitioner Raleigh General Hospital ("RGH") appeals the March 20, 2023, decision of the West Virginia Health Care Authority ("Authority") granting Beckley ARH ("BARH") a Certificate of Need ("CON"), authorizing it to provide elective therapeutic cardiac catheterization services ("ETCC").[1] Respondents BARH and the Authority filed a timely response. RGH filed a reply.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the

---

[1] "Therapeutic Cardiac Catheterization is a classification of invasive procedures in which a slender tube is passed into a peripheral vein or artery, through the blood vessels, and into the heart to treat and resolve anatomical and/or physiological problems in the heart. These procedures are intended primarily for the treatment of cardiac illness and disease. The term includes, but is not limited to: percutaneous coronary intervention (PCI), percutaneous transluminal coronary angioplasty (PTCA), atherectomy, stent, laser, cardiac valvuloplasty, balloon atrial septostomy, or catheter ablation." W. Va. Health Care Auth., CON Standards: Standards for Cardiac Catheterization, at 3, (Aug. 21, 2008), https://hca.wv.gov/certificateofneed/Documents/CON_Standards/CardiacCath.pdf.

[2] Petitioner Raleigh General Hospital is represented by Rachel D. Ludwig, Esq. Respondent Beckley ARH Hospital is represented by Jill Cranston Rice, Esq., Lindsey M. Saad, Esq., and Lauren E. Motes, Esq. Respondent West Virginia Health Care Authority is represented by Heather A. Connolly, Esq.

1

applicable law, this Court finds that this matter does not present a substantial question of law but requires remand for further factfinding. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for reversal in a memorandum decision. For the reasons set forth below, this matter is remanded with directions for further proceedings.

On June 10, 2022, BARH filed an application seeking a CON to develop ETCC services at its facility in Raleigh County, West Virginia. On June 27, 2022, RGH requested affected party status to contest BARH's application, which was granted by the Authority. On October 17 and 18, 2022, a contested administrative hearing on the CON application was held, where the parties presented documentary evidence and expert testimony. On March 20, 2023, the Authority issued its decision granting BARH a CON. It is from that decision RGH now appeals.

Pursuant to West Virginia Code §§ 16-2D-16a (2021) and 29A-5-4(g) (2021), our standard of review is as follows:

> The court may affirm the order or decision of the agency or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the agency if the substantial rights of the petitioner or petitioners have been prejudiced because the administrative findings, inferences, conclusions, decision, or order are:
> (1) In violation of constitutional or statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the agency;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

On appeal, RGH raises seven assignments of error, arguing that the Authority's decision granting BARH a CON: (1) relied on improper data in concluding the proposed health services were needed; (2) erroneously relied upon pre-application communications between BARH and the Authority; (3) exceeded the agency's statutory authority; (4) failed to properly assess the financial feasibility of the proposed services; (5) failed to properly assess if the proposed services present a superior alternative to the status quo; (6) failed to sufficiently provide findings of facts and conclusions of law; and (7) relied upon inadmissible hearsay evidence.

Ultimately, we need not address RGH's assignments of error, as the issues raised in this appeal present a jurisdictional question, requiring remand for further factfinding to determine if this matter is moot. "'Mootness is a jurisdictional question, and moot questions

2

are usually not proper for appellate review.'" *DD Oil Co. v. State ex rel. Ward*, __ W. Va. __, __, __ S.E.2d __, __, No. 22-ICA-74, 2023 WL 8588491, at *8 (Ct. App. Dec. 8, 2023) (quoting *State ex rel. W. Va. Secondary Sch. Activities Comm'n v. Cuomo*, 247 W. Va. 324, 331, 880 S.E.2d 46, 53 (2022)). Further, as a court of limited appellate jurisdiction, where a jurisdictional question is presented, even if not properly raised by the parties, this Court has a duty to examine its authority to consider a particular case. *See* Syl. Pt. 2, *State ex rel. W. Va. Secondary Sch. Activities Comm'n v. Cuomo*, 247 W. Va. 324, 880 S.E.2d 46 (2022) (quoting Syl. Pt. 1, *James M.B. v. Carolyn M.*, 193 W. Va. 289, 456 S.E.2d 16 (1995)).

During the pendency of this appeal, BARH filed a motion to dismiss, arguing that recent changes[3] to the CON statutes now exempt the ETCC services at issue from CON review, rendering this matter moot.[4] Both BARH and RGH filed written arguments regarding the effect of the new statutory amendments.[5] BARH notes that under the new statute, "hospital services performed at a hospital" are now exempt from CON review. W. Va. Code § 16-2D-10(9). West Virginia Code § 16-2D-2(22) defines "hospital services" as "services provided primarily to an inpatient to include, but not be limited to, preventative, diagnostic, treatment, or rehabilitative services provided in various departments on a hospital's campus." Further, West Virginia Code § 16-2D-2(24) defines "inpatient" as "a patient whose medical condition, safety, or health would be significantly threatened if his or her care was provided in a less intense setting than a hospital. This patient stays in the hospital overnight."[6]

Specifically, BARH asserts it meets the statutory criteria for an exemption because: (1) it is a hospital, (2) the ETCC procedures will be provided on the hospital's campus, (3) ETCC procedures constitute treatment, and (4) the ETCC services are primarily inpatient procedures. In its response,[7] RGH takes issue with the fourth point, arguing that the

---

[3] On March 10, 2023, the Legislature amended the definitions and exemption provisions of the CON process, effective upon passage. *See* W. Va. Code §§ 16-2D-2 (2023), 16-2D-10 (2023). According to the record, this occurred after the close of evidence and arguments in the proceedings below.

[4] BARH reiterates its mootness argument in its response brief.

[5] The Authority did not file an argument regarding the motion to dismiss.

[6] Both West Virginia Code §§ 16-2D-2(22) and 16-2D-2(24) were added in the 2023 statutory amendments.

[7] These arguments by RGH were included in its response to BARH's motion to dismiss. In its briefing, RGH does not discuss the applicability of the new statute or mootness.

proposed ETCC services are outpatient, rather than inpatient, procedures. In support, RGH highlights that: (1) in the proceedings below, BARH expected to bill the ETCC services as an outpatient procedure, (2) below, BARH did not establish that ETCC services would require an overnight stay, and (3) medical literature characterizes these services as predominately an outpatient procedure.[8]

Both BARH and RGH ask us to resolve the issue of mootness on appeal; however, this Court concludes that before mootness can be properly assessed, further factfinding and argument regarding the application of the new CON exemption is required. Because the statutory amendments came into effect after the parties had already submitted their arguments, these issues were not able to be adequately developed below. Moreover, as the parties' arguments demonstrate, addressing these questions present issues fraught with factfinding, a task ill-suited for an appellate court.

Accordingly, we remand this matter for the Authority to consider, under the newly amended statutes, if BARH's proposed ETCC services are exempt from the CON process. In undertaking this analysis, it is within the Authority's discretion to accept additional evidence and conduct further proceedings necessary to resolve these issues. The CON issued to BARH to perform ETCC services shall remain in effect until the decision of the Authority on remand is issued.

Remanded with Directions.

**ISSUED:** February 8, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear

---

[8] BARH was granted permission to file a reply to RGH's response to the motion to dismiss. In that reply, BARH argued that the medical evidence offered by RGH should not be considered, as it is outside the designated record. Further, BARH asserts that any characterization of ETCC services as an "outpatient" procedure was exclusively for billing purposes and that those statements are irrelevant to determining whether ETCC services qualify as "inpatient" under the new statutory definition.