## IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**October 28, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**GATES HUDSON & ASSOCIATES, INC.,**
**Defendant Below, Petitioner**

**v.) No. 23-ICA-403**        (Cir. Ct. of Berkeley Cnty. Case No. CC-02-2023-C-AP-12)

**ROSHEEDIA MASSZONIA,**
**Plaintiff Below, Respondent**

### MEMORANDUM DECISION

Petitioner, Gates Hudson & Associates, Inc., ("Gates Hudson") appeals a final order entered by the Circuit Court of Berkeley County on August 10, 2023, affirming the magistrate court's denial of Gates Hudson's motion to set aside a default judgment. The circuit court also granted judgment in favor of Respondent, Rosheedia Masszonia. Ms. Masszonia did not file a response.[1] Gates Hudson did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds error with the circuit court's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the order on appeal is vacated and remanded to the circuit court for further proceedings consistent with this decision.

Ms. Masszonia was a tenant in an apartment complex managed by Gates Hudson. Ms. Masszonia sued Gates Hudson for water damage to personal property following a fire in the apartment above. Ms. Masszonia filed the original complaint in the Magistrate Court of Berkeley County on November 14, 2022, which was assigned Case No. 22-M02C-02868. Gates Hudson timely answered that complaint on December 7, 2022, and denied liability. On February 2, 2023, the 2022 Case was dismissed after neither party appeared for the February 2, 2023, hearing set by the court (though both parties argued they did not receive notice). Later that day, Ms. Masszonia filed a new action using the same complaint used in the 2022 Case and it was assigned Case No. 23-M02C-00391. The 2023 Case is the matter now before this Court.

---

[1] On appeal, Gates Hudson is represented by J. Tyler Mayhew, Esq. Ms. Masszonia is self-represented.

1

On May 17, 2023, the magistrate court entered default judgment against Gates Hudson in the 2023 Case for failing to answer the complaint. Gates Hudson subsequently retained counsel, and on June 6, 2023, filed a motion to set aside the default judgment arguing, in part, the failure to answer was due to confusion caused by the filing of duplicate cases. The court denied the motion on June 9, 2023, without a hearing. Gates Hudson timely appealed the order denying its motion to set aside default judgment to the circuit court and posted the required bond. The circuit court held a hearing on Gates Hudson's appeal on August 10, 2023. At the hearing, the circuit court did not hear testimony from either Ms. Masszonia or Gates Hudson and did not consider any documentary evidence. Thereafter, the circuit court entered an order from the hearing on August 10, 2023, denying Gates Hudson's motion to set aside default judgment and confirming the magistrate court judgment in favor of Ms. Masszonia. Gates Hudson appealed the circuit court's August 10, 2023, final order.

"This Court reviews the circuit court's final order and ultimate disposition under an abuse of discretion standard. We review challenges to findings of fact under a clearly erroneous standard; conclusions of law are reviewed *de novo*." Syl. Pt. 6, *In re Donald M.*, 233 W. Va. 416, 758 S.E.2d 769 (2014) (citing Syl. Pt. 4, *Burgess v. Porterfield*, 196 W. Va. 178, 469 S.E.2d 114 (1996)).

Gates Hudson lists six assignments of error on appeal: (1) the circuit court erred by not conducting a trial de novo; (2) the circuit court erred by faulting Gates Hudson for not filing an answer after appealing from magistrate court; (3) the circuit court erred by entering judgment without a factual record; (4) the circuit court erred by deciding this case based on the terms of the parties' lease; (5) the circuit court erred by disregarding the express liability waiver contained in Gates Hudson's lease; and (6) the circuit court erred in denying Gates Hudson's request for a writ of prohibition because Gates Hudson was denied the opportunity to demonstrate excusable neglect for not timely answering the complaint.

This Court, as a court of limited jurisdiction, has a "responsibility *sua sponte* to examine the basis of [our] own jurisdiction." *James M.B. v. Carolyn M.*, 193 W. Va. 289, 292, 456 S.E.2d 16, 19 (1995). As set forth above, in its sixth assignment of error, Gates Hudson contends that the circuit court erred in denying its request for a writ of prohibition. Under West Virginia Code § 51-11-4(d)(10) (2022), the Intermediate Court of Appeals does not have appellate jurisdiction over "[e]xtraordinary remedies, as provided in § 53-1-1 *et seq.* of this code, and any appeal of a decision or order of another court regarding an extraordinary remedy."[2] A writ of prohibition is an extraordinary remedy. *See State ex rel. Yurish v. Faircloth*, 243 W. Va. 537, 542, 847 S.E.2d 810, 815 (2020).

---

[2] West Virginia Code § 51-11-4(d)(10) was amended in 2024. Although the amendment does not impact our analysis, we apply the version of the jurisdictional statute in effect at the time Gates Hudson filed its appeal.

2

Nothing in the record on appeal demonstrates that Gates Hudson filed a petition for a writ of prohibition in the proceedings below. The only reference to a writ of prohibition at the circuit court appears to have been a statement Gates Hudson's counsel made at the August 10, 2023, hearing that "I think our relief would have been, you know, prohibition, but that would be something the Court could hear as part of this proceeding. And so to preserve our appellate right, we simply filed the appeal because it's de novo review here." We find counsel's stray remark insufficient to convert the appeal of the magistrate court's default judgment into a petition for a writ of prohibition. *See* W. Va. Code § 53-1-3 ("Application for . . . a writ of prohibition shall be on verified petition."). Based on the record, we find that Gates Hudson did not properly seek a writ of prohibition below, and that the circuit court's order on appeal is not an order regarding a writ of prohibition. Accordingly, this Court is not deprived of jurisdiction under West Virginia Code § 51-11-4(d)(10).

Having resolved the jurisdictional issue, we turn to assignment of error number one, which upon review, is dispositive of the appeal. Gates Hudson argues that the circuit court erred in failing to hold a trial de novo. Gates Hudson contends that the magistrate court erred in summarily denying the motion to set aside the default judgment without conducting a hearing as required by Rule 17(b) of the West Virginia Rules of Civil Procedure for Magistrate Courts. We agree in that we find that the record of the hearing and subsequent order are insufficient for a meaningful appellate review. *See Collisi v. Collisi*, 231 W. Va. 359, 363-64, 745 S.E.2d 250, 254-55 (2013).

"In the case of an appeal of a civil action tried before the magistrate without a jury, the hearing on the appeal before the circuit court shall be a trial de novo, triable to the court, without a jury." W. Va. Code § 50-5-12(b) (1994). The SCAWV has recognized that, because no bench trial occurred, an appeal from a magistrate court's entry of default judgment does not fit precisely in the circumstances contemplated by W. Va. Code § 50-5-12(b). *See Farley v. Myers*, No. 18-0235, 2020 WL 1163985, at *2 n.11 (W. Va. Mar. 10, 2020) (memorandum decision). In such circumstances, the SCAWV recognized that the circuit court's review is properly limited to consideration of whether the default judgment should have been set aside under Rule 17(e) of the Rules of Civil Procedure for Magistrate Courts. *See Farley*, 2020 WL 1163985, at *2-3.

Rule 17(e) provides that "[w]here judgment is entered by default, good cause [to set aside default judgment] may be shown by either excusable neglect or unavoidable cause." When analyzing good cause for purposes of a motion to set aside default judgment, the trial court is required to weigh: "(1) The degree of prejudice suffered by the plaintiff from the delay in answering; (2) the presence of material issues of fact and meritorious defenses; (3) the significance of the interests at stake; and (4) the degree of intransigence on the part of the defaulting party." Syl. Pt. 3, *Parsons v. Consol. Gas Supply Corp.*, 163 W. Va. 464, 256 S.E.2d 758 (1979).

3

On review of the record of the August 10, 2023, hearing, we find that the circuit court did not conduct a sufficient de novo hearing on Gates Hudson's motion to set aside default judgment. At the hearing, although the circuit court noted that it was obligated to hold a de novo hearing, it did not take evidence except to request Gates Hudson's counsel to proffer what its substantive defenses to liability would have been. Additionally, the circuit court directed counsel to address the issue "summarily." The circuit court briefly analyzed the merits of Gates Hudson's proposed defenses, rejecting them and directing Gates Hudson to pay Ms. Masszonia's alleged damages, but did not otherwise provide any findings of fact and conclusions of law on the merits of the motion to set aside default judgment.

We also find that the circuit court's order is inadequate. Rule 52(a) of the Rules of Civil Procedure requires that "[i]n all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon." W. Va. R. Civ. P. 52(a). The SCAWV has held:

> Rule 52(a) mandatorily requires the trial court, in all actions tried upon the facts without a jury, to find the facts specially and state separately its conclusions of law thereon before the entry of judgment. The failure to do so constitutes neglect of duty on the part of the trial court, and if it appears on appeal that the rule has not been complied with, the case may be remanded for compliance.

Syl. Pt. 1, *Commonwealth Tire Co. v. Tri-State Tire Co.*, 156 W. Va. 351, 193 S.E.2d 544 (1972).

In the instant case, the circuit court considered some, but not all of the factors enumerated in *Parsons*. The circuit court considered the merits of Gates Hudson's possible defenses but failed to consider the presence of material issues of fact or the degree of prejudice to Ms. Masszonia caused by the delay in timely answering. The circuit court further failed to sufficiently explore the significance of the interests at stake or the degree of intransigence on the part of Gates Hudson. The circuit court's cursory findings and conclusions, together with the limited review developed on the record at the hearing, are insufficient for a meaningful appellate review.

We therefore find that the circuit court erroneously denied Gates Hudson's appeal of the order denying the motion to set aside the default judgment without properly weighing the factors required to assess "good cause" and providing sufficient findings of fact and conclusions of law. The case is remanded to the circuit court with directions to conduct a de novo hearing on whether good cause exists to set aside the default judgment by weighing the factors provided in *Parsons*.

4

Accordingly, the final order entered on August 10, 2023, is vacated and the case is remanded to the circuit court for further proceedings consistent with this decision.

Vacated and Remanded for further proceedings.

**ISSUED:** October 28, 2024

**CONCURRED IN BY:**

Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear