# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**
**April 29, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**MICHELLE HARDA and DOUGLAS J. HARDA,**
**Plaintiffs Below, Petitioners**

**v.) No. 24-ICA-403**       (Cir. Ct. of Hancock Cnty. Case No. CC-15-2019-C-52)

**ERIC C. POPISH and STACY A. POPISH,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioners Michelle Harda and Douglas J. Harda appeal two orders from the Circuit Court of Hancock County. The first is a Memorandum Order dated August 29, 2024, which required both parties to remove prebuilt structures from their property. Petitioners also appeal the circuit court's September 17, 2024, order denying their request to alter or amend the August 29, 2024, ruling. Respondents Eric C. Popish and Stacy A. Popish filed a response.[1] Petitioners did not file a reply.

After considering the record on appeal, and the applicable law, we find that this Court lacks jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). As explained below, a memorandum decision dismissing this appeal as improvidently docketed is appropriate under Rule 21 of the Rules of Appellate Procedure.

Because we are disposing of this appeal by dismissal, our recitation of the factual and procedural history of the case will be brief. The parties are neighbors who own adjoining property within a subdivision whose lots are all subject to the same restrictive covenants. Issues between the parties arose when respondents placed a prebuilt "shed" on their property around December of 2018. Petitioners maintain the structure is a detached garage in violation of the subdivision's covenants and that it obstructs their use and enjoyment of the scenic views from the back of their home.

On May 31, 2019, petitioners filed a complaint in circuit court alleging various causes of action, including a mandamus action, which sought an order directing respondents to remove the structure from their property. Thereafter, the parties filed competing motions for summary judgment. During the pendency of those motions, the circuit court entered its Memorandum Order wherein it directed that both parties must remove the prebuilt structures on their property. On September 11, 2024, petitioners filed

---

[1] Petitioners are represented by Lawrence L. Manypenny, Esq. Respondents are self-represented on appeal.

1

a motion to alter or amend the language within the Memorandum Order requiring them to remove the prebuilt structures from their property. The circuit court denied this motion by order entered on September 17, 2024. This appeal followed.

However, after reviewing the record in this matter, we conclude that petitioners' request for mandamus relief below deprives this Court of jurisdiction over this appeal. "It is, of course, axiomatic that a court of limited appellate jurisdiction is obliged to examine its own power to hear a particular case." *James M.B. v. Carolyn M.*, 193 W. Va. 289, 292, 456 S.E.2d 16, 19 (1995). This Court's jurisdiction is established by West Virginia Code § 51-11-4. Among its terms, that statute expressly states that we do not have appellate jurisdiction over: "Judgments or final orders issued in proceedings where the relief sought is one or more of the following extraordinary remedies: writ of prohibition, writ of mandamus. . . ." W. Va. Code § 51-11-4(d)(10). Here, the underlying complaint sought mandamus relief in the form of a court order directing respondents to remove the prebuilt structure from their property. As such, we are precluded from considering the merits of this appeal.

Accordingly, we dismiss this appeal.

Dismissed.

**ISSUED:** April 29, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

2